# THE STATE OF MARYLAND *vs.* WILLIAM WARD.

*Summary Jurisdiction of Justices of the Peace to Try Petty Misdemeanors Without Right of the Offender to a Jury Trial or to an Appeal—Local Game Law—Jurisdiction of Circuit Court on Appeal From Justice of the Peace.*

When a statute, which is a local police regulation concerning the shooting of game, prohibits under the penalty of a fine the doing of certain things and confers upon a Justice of the Peace jurisdiction to try aud determine cases involving the violation of the law, and does not give to the party charged a right to demand a jury trial before the Justice or provide for an appeal from his judgment, then a party charged with a violation of the law is not entitled to claim a jury trial before the Justice or to appeal from his judgment.

In such cases of a summary conviction by a Justice for a statutory police offense, an appeal is not a matter of common right, but depends upon statutory provisions.

When a Circuit Court reverses the judgment of a Justice of the Peace in a case where no right of appeal from the Justice exists, the judgment of the Circuit Court may be reviewed in this Court.

The Act of 1892, ch. 582, relating to the shooting of wild fowl in Anne Arundel County provides that any persou violating the statute shall be deemed guilty of a misdemeanor and upon conviction thereof before a Justice of the Peace shall be liable to a certain fine. The Act does not confer upon the party charged with its violation a right to claim a jury trial, nor does it provide for any appeal from the judgment of the Justice. Code, Art. 52, sec. 11A, confers upon Justices of the Peace jurisdiction in cases of assault and battery and certain other offenses, including proceedings for the recovery of penalties, and provides that if the offender shall pray a jury trial, the Justice shall commit the party for trial in the Circuit Court instead of himself trying the case. Defendant being charged with a violation of said Act of 1892, was brought before a Justice of the Peace and prayed a jury trial which was refused. Upon being convicted and fined he appealed to the Circuit Court which reversed the judgment of the Justice. Upon appeal to this Court, *held,*

1st. That the Justice of the Peace had the power under the Act of 1892, to determine the case and that the defendant had no right to demand a jury trial, since the provisions of Code, Art. 52, sec. 11A, relate only to the offenses therein mentioned.

2nd. That since the Act of 1892 does not provide for an appeal from the Justice, the Circuit Court was without jurisdiction, and its judgment in the premises is reviewable by this Court and must be reversed.

Appeal from the Circuit Court for Anne Arundel County (REVELL, J.) The case of *The State* v. *C. A. Crandall*, involving the same question as this case was argued with it and the judgment therein was reversed for the reasons assigned in this case.

The case was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Isidor Rayner, Attorney-General,* for the appellant.

*First.* The State claims that the Circuit Court of Anne Arundel County was without any jurisdiction to entertain the appeal, and that therefore, having given a judgment without jurisdiction, an appeal lies to this Court to reverse the same. The statute provides for no appeal whatever from the judgment of the Justice of the Peace, under the law in question, and an appeal, being a statutory remedy, there being no statute allowing the appeal, the Court had no power to hear the case and decide it. The appellee took the ground in the Court below that the statute was unconstitutional, not having made provision for a jury trial, and that the magistrate had no right to try the case after a jury trial was prayed for. The proper way to have had this question tested was, either, in case of imprisonment, by *habeas corpus*, or otherwise to have the record removed by writ of *certiorari*. This point appears to be conclusively settled by the Maryland cases, and the State therefore claims that the Circuit Court of Anne Arundel County proceeded without any jurisdiction in the premises and its judgment must be reversed. *Lancaster* v. *State*, 90 Md. 211; *Messick* v. *State*, 82 Md. 585; *Judefind* v. *State*, 78 Md. 510; *Webster* v. *Cockey*, 9 Gill, 93; *Jackson* v. *Bennett*, 80 Md. 76; *Roth* v. *State*, 89 Md. 524; *Clark* v. *Vannort*, 78 Md. 216.

*Second.* It is submitted that even if the case had been properly in the Circuit Court by writ of *certiorari*, that its judgment is erroneous and that the Act in question is a valid Act and not liable to any constitutional objection. The statute is a local police regulation of Anne Arundel County, and the violation

of it comes within a class of cases for which it is not necessary to provide a jury trial, and over which it was lawful to give the Justice of the Peace absolute and final jurisdiction. This question has been so thoroughly and exhaustively argued and so fully decided by this Court, that it is unnecessary to cite any other authorities except the case of the *State* v. *Glenn*, 54 Md. 572.

The same reasoning that was followed by the Court in this case, and the authorities that were there cited apply to this, and it is therefore submittted that if this case had been properly before the Circuit Court of Anne Arundel County, the Court would have been bound to have declared that a failure to provide for a jury trial under the provisions of this statute did not invalidate it, and that a Justice of the Peace had a perfect right to try the case, and to proceed to judgment therein.

*Robert Moss*, for the appellee.

The question involved in this appeal is—does the Act of 1896, ch. 128, sec. 11A, Art. 52 of the Code apply to this case. The appellee will contend that it does and that this question is settled by the opinion of the Court of Appeals in the case of *Kane* v. *State*, 70 Md. 546.

The offense is a misdemeanor of which the magistrate has jurisdiction, and the practice under the sections is regulated by sec. 11A, Art. 52, of the Code, which section is applicable to Anne Arundel and other counties.

Chapter 359, Acts of 1884, regulating the criminal practice of Justices of the Peace while it provided for a jury trial did not give the party after submission to the jurisdiction of the Justice the right of appeal; but at the next session of the Legislature after the opinion in the *Kane's case* was rendered, the law regulating the criminal practice of Justice of the Peace was amended so as to give the party accused the right of appeal even after waiver of a jury trial and submission to the Justice of his case. Act of 1890, ch. 618.

In the Court below the State contended that the local Act now before the Court was a mere police regulation and that

the Act was constitutional, notwithstanding right of jury trial and appeal was not given ; but the State will hardly contend that the Legislature has not the power to provide for jury trial and appeal as it has done in this case.

PAGE, J., delivered the opinion of the Court.

The appellee was arrested under a warrant issued by a Justice of the Peace of Anne Arundel County, charged with a violation of sections 253, 254, 255 and 256 of the Public Local Laws of Anne Arundel County as amended by chapter 582 of the Acts of 1892. When brought before the Justice he prayed a jury trial, which was refused. The trial having resulted in the conviction of the appellee an appeal was taken to the Circuit Court. In that Court the State's attorney moved to dismiss the appeal on the ground "that the offense charged in the warrant is one that is not the subject of appeal from the Justice of the Peace ;" and the prisoner moved to quash the warrant and reverse the judgment because the Justice had refused a jury trial. The Circuit Court reversed the judgment and the State appealed.

The only points claiming consideration are, first, had the prisoner a right to claim a jury trial, and second, having been denied this, had the Justice jurisdiction to try and finally determine the matter before him.

The sections of the local code to which we have referred regulate the shooting of wild fowl in Anne Arundel County. The 253rd, 254th sections provide for the obtaining of licenses to place blinds and shoot therefrom ; the 255th makes it unlawful to establish blinds or put out decoys within three hundred yards of an already licensed blind; and by the 256th, "if any person shall violate any of the provisions of preceding sections, he shall be deemed guilty of a misdemeanor, and upon conviction thereof before any Justice of the Peace in Anne Arundel County shall be fined a sum not less than five nor more than twenty dollars for each offense, with the costs of prosecution for the same : provided that an additional fine of five dollars shall be imposed upon the owner

.of any blind who shall establish the same at a point nearer .than three hundred yards from a blind already established and .licensed for each week said blind shall remain after due notice has been given to remove the same by the owner of the blind first established and licensed." These sections were originally enacted in 1882, ch. 400, amended in 1886, ch. 366, and again amended in 1892, ch. 582. The 256th section, which provides the penalty, remains as enacted by the amendment of 1886. There is nothing in the original Act or any of its amendments that confers upon the defendant the right of claiming a jury trial or places any limitation upon the authority of the Justice of the Peace to try and determine all persons who may be brought before him charged with a violation of any of its provisions.

It is contended however that the case is within the provisions of section 11A of Article 52 of the Code of Public General Laws, which provides that if any person, when brought before a Justice having jurisdiction, shall before trial pray a jury trial, it shall then be the duty of the Justice to commit the alleged offender for trial in the Circuit Court. That section was first enacted in 1880, ch. 326. It has remained substantially the same up to the present time; the only material amendment thereto being by the Act of 1890, ch. 618, whereby the right of appeal from the Justice to the Circuit Court was extended to the alleged offender, and the State even after there had been before the Justice a waiver of a jury trial. But section 11A, Art. 52, cannot be held to include all criminal cases over which Justices of the Peace have jurisdiction. It was not intended to change or limit the jurisdiction which they then possessed or which thereafter might be conferred upon them, "by or under the laws of this State." Its purpose was not to interfere with that jurisdiction but, as the title of the Act of 1880 sets forth, "to confer additional jurisdiction." What that "additional jurisdiction" should be is clearly stated, viz. first concurrent jurisdiction with the Circuit Court in all cases of assault without any felonious intent and all cases of assault and battery, and all misdemeanors not punishable by

confinement in the penitentiary ; and second, all prosecutions or proceedings for the recovery of any penalty for doing or omitting to do any act, the doing of which or the omission to do which, is made punishable under the laws of this State within their said jurisdiction by any pecuniary fine or penalty, or by imprisonment in jail or in the Maryland House of Correction, all of which acts or omissions are hereby declared to be criminal offenses." Prior to the passage of this statute, Justices had no criminal jurisdiction except such as was conferred by the Act which created the offense and imposed the penalty. Cases in which the Justices were not in specific terms authorized to hear and determine, were cognizable only in the Criminal Court after indictment and before a jury, unless the alleged offender waived his right to a jury trial. Section 11A conferred upon the Justices of the Peace jurisdiction to hear and determine all cases of the nature and character particularly described therein ; but it also preserved to the party charged the opportunity and right of a trial by a jury by providing that before proceeding to the exercise of his jurisdiction it shall be the duty of the Justice to inform the alleged offender of his right to a jury trial ; and if either he, or the State's Attorney, should pray a jury trial, his authority to hear and determine thereupon ceased, and it thereupon became his duty to commit the party for trial in the Circuit Court. The application of these provisions is in plain terms limited to the jurisdiction conferred by the section. It is provided that the Justice shall have power to issue all process and to do all acts, which may be necessary to the exercise of their *"said jurisdiction ;"* that is to the exercise of the jurisdiction that the Act confers and not to any other. There is therefore no warrant to be found in the words of the section, nor we may add derivable from considerations of public policy, as stated in *State* v. *Glenn,* 54 Md. 606, for the contention that this section was designed to have the effect of depriving Justices of the Peace of the exercise of summary jurisdiction in a large class of cases. In the case just cited it is said that the "needs of society" require that the Justices shall in many cases be pos-

sessed of such a jurisdiction. "If all cases of a penal or criminal nature, where conviction may involve as a consequence either directly or alternatively the imprisonment of the party, must be tried upon indictment and by a jury, how is the police power in the hands of the various municipal corporations to be enforced?" The jurisdiction belonging to the Justices at the time of the adoption of the section as well as that which has since been conferred upon them by legislative enactment, is not within the purview of the section. Where the jurisdiction has been conferred by special statute the alleged offender has no legal·right to call for a jury; and if he should do so the authority of the Justice to hear and finally determine the case is not thereby ousted; unless there is something in the Act directing to the contrary.

There being nothing in the Act regulating the shooting of wild fowl in Anne Arundel that confers upon the party charged the right to demand of the Justice a jury trial it follows that the Justice had jurisdiction to hear and finally determine the charge set out in the warrant. The jurisdiction of the Justice is special· and extraordinary, created by statute, ·and the statute under which this case was prosecuted provides for no appeal; therefore no appeal could be taken from the judgment of the Justice to the Circuit Court and the Circuit Court therefore had no jurisdiction to entertain the appeal, and enter judgment. *Webster* v. *Cockey*, 9 Gill, 92. The judgment of the Circuit Court for that reason may be reviewed in this Court. *Messick* v. *State*, 82 Md. 585.

It follows from what has been said that the judgment of the Circuit Court must be reversed.

*Judgment reversed.*