## STATE OF MARYLAND *v.* LEVIN BEACH.

*Criminal Law—Appeal from Justice of Peace.*

Code, art. 52, sec. 12, giving a right of appeal to the circuit court for the county in the case of a prosecution before a justice for any offense not punishable by confinement in the penitentiary or involving a felonious intent, or for an offense punishable by a pecuniary fine or penalty, or by imprisonment in jail or in the house of correction, applies to a prosecution under section 102 of article 99, which makes hunting game without a license a misdemeanor punishable by fine.

*Decided November 4th, 1927.*

Appeal from the Circuit Court for Wicomico County (BAILEY and DUER, JJ.).

Proceeding by Levin Beach by way of appeal from a conviction before a justice of the peace of hunting game without a license. From a judgment of acquittal, the State appeals. Appeal dismissed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and SLOAN, JJ.

*Robert H. Archer, Assistant Attorney General,* with whom were *Thomas H. Robinson, Attorney General,* and *Levin C. Bailey, State's Attorney for Wicomico County,* on the brief, for the State.

*F. W. C. Webb,* submitting on brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

The question presented is whether a person convicted before a justice of the peace of hunting game without a license, and fined, under the section which makes that a misdemeanor punishable by a fine (article 99, section 102, first enacted Act 1918, ch. 468, sec. 71), has a right of appeal from the

conviction and sentence to the circuit court for the county in which the case originated. The appellee here, after having been so convicted and fined before a justice of the peace in Wicomico County, appealed to the circuit court for that county. The State moved that the appeal be dismissed, but its motion was overruled by the court and the appeal entertained; the State then declined to offer testimony on the issue of fact, and the accused was acquitted. The State brings the question before this Court on appeal.

Section 102 of article 99 of the Code provides for trial before a justice of the peace of any person accused of hunting game without a license, but it contains in itself no provision for an appeal from conviction and sentence under it, and, upon a well established principle, if this were the only section of the law to be considered, no appeal having been given by it, none would lie. *State v. Ward,* 95 Md. 118. The accused based his appeal, however, upon the general provision for appeals from justices, given in article 52, section 12, of the Code, and the question in controversy is, finally, whether this latter section gives the right of appeal from convictions under article 99, section 102, for hunting without a license. Section 12 of article 52, on the criminal jurisdiction of justices generally, gives a right of appeal without any express qualification, but within the limits of the jurisdiction with which that whole section is concerned. The section as it now stands, however, does not contain any specification or description of particular offenses; it is general in its description of cases included, making its provisions applicable to the jurisdiction of justices generally over offenses punishable under other sections of the law. It provides that the justices, in all but four counties with which we are not concerned, and Baltimore City, "shall have hereafter jurisdiction to hear, try and determine all cases involving the charge of any offense, crime or misdemeanor, not punishable by confinement in the penitentiary or involving a felonious intent, which may be committed in their respective counties," and "all prosecutions or proceedings for the recovery of any penalty for doing or omitting to do any act within their re-

spective counties, the doing of which or the omission to do which is made punishable under the laws of this State by any pecuniary fine or penalty, or by imprisonment in jail or in the Maryland House of Correction, all of which acts or omissions are hereby declared to be criminal offenses." And the right of appeal is given in all cases coming within this general description—excluding from consideration now any question of special exceptions made by later acts. Nothing appears in article 99, section 102, to show an intention to except cases under it from the operation of the earlier statute and the right of appeal given by it, and we see no ground for making such an exception. The trials under this later law seem clearly to come within the scope of the provisions in article 52, section 12. Our conclusion is, therefore, that the action of the trial court in entertaining the appeal was correct.

On behalf of the State reference is made to the decision, in *State v. Ward,* 95 Md. 118, that article 52, section 12, as it stood at the time of that decision (1902) did not extend the right to elect a jury trial, which was another right attached to cases within the section, to a charge of improperly locating a ducking blind, made a punishable offense under another section of the law. The court in that case concluded that article 52, section 12, gave the right, not in all criminal cases over which justices of the peace might have jurisdiction, but only in cases of a nature and character particularly described in that section as additions made by it to the general jurisdiction of the justices. But the mention of additions to the jurisdiction of justices was omitted from the statute by an amendment made by the Act of 1906, ch. 475, and the grant of jurisdiction made in the present broad terms, and, whatever limits to cases included might be found in the statute as it was in 1902, they seem to us not to be found there now. We do not mean to say that every later addition to the jurisdiction of justices must carry with it the right of appeal under section 12 of article 52; a contrary intention might be manifested in a later statute. *Crichton v. State,* 115 Md. 423. We mean to say only

that, following the words of article 52, section 12, and with reference to the counties affected by it, after trial before a justice of the peace in any case involving the charge of any offense, crime or misdemeanor not punishable by confinement in the penitentiary or involving a felonious intent, which may be committed within the county of that justice, or in any prosecution or proceeding for the recovery of any penalty for doing or omitting to do any act within the county, the doing of which, or the omission to do which, is made punishable under the laws of this State by any pecuniary fine or penalty, the party aggrieved has a right of appeal to the circuit court for the county, that this is such a case, and the Legislature has not manifested any intention to except it from the operation of the general provision of article 52, section 12.

According to the practice heretofore adopted in such cases, the appeal must be dismissed. *Green v. State,* 113 Md. 45.

*Appeal dismissed.*