YANTZ *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[No. 212, October Term, 1955.]

*Decided June 15, 1956.*[1]

---

**1.** Reporter's note: *Certiorari* denied, 352 U. S. 932.

The cause was argued before BRUNE, C. J., and DELA-
PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Ambrose T. Hartman* for appellant.

*James H. Norris, Jr., Assistant Attorney General,* with
whom were *C. Ferdinand Sybert, Attorney General, Anselm
Sodaro, State's Attorney for Baltimore City* and *Edward F.
Borgerding, Assistant State's Attorney* on the brief, for ap-
pellee.

DELAPLAINE, J., delivered the opinion of the Court.

William Ray Yantz, who is a prisoner in the Maryland
House of Correction, has brought this appeal from the re-
fusal of Judge Michael J. Manley, sitting in the Baltimore
City Court, to issue a writ of *habeas corpus.*

Yantz was tried and convicted on July 31, 1954, by Mag-
istrate Jesse Shank in Washington County, Maryland, on two
warrants, each charging him with assault. One warrant
charged an assault upon a woman, the other an assault upon
a man. However, as the assaults grew out of the same in-
cident, Magistrate Shank heard the cases together. The
docket entries show that the accused was informed of his
right to trial by jury, but that he freely elected to be tried
before the magistrate. The magistrate found him guilty in
both cases, and sentenced him to the Maryland House of
Correction, in one case for a term of three years, and in the
other case for a term of two years, the sentences to run con-
secutively.

On April 9, 1955, Yantz filed a petition in the Baltimore
City Court for a writ of *habeas corpus.* Judge S. Ralph
Warnken denied the petition without a hearing. The peti-
tioner then applied to the Court of Appeals for leave to pros-
ecute an appeal from the refusal of a writ. Under the
Maryland Habeas Corpus Act, when an application to pros-

ecute such an appeal is granted by the Court of Appeals, this Court may affirm, reverse, or modify the order appealed from, or it may remand the case for further proceedings; but when an application is denied, the order thereby becomes final to the same extent and with the same effect as if the order had been affirmed on appeal. Code 1951, art. 42, sec. 6.

On December 8, 1955, the Court of Appeals granted the petitioner leave to appeal. The Court also appointed Ambrose T. Hartman, of the Baltimore bar, to act as his attorney on his appeal. On January 3, 1956, the Court, upon the petitioner's motion, dismissed his appeal without prejudice to enable him to file a new petition for a writ setting forth any additional grounds that might be available.

The petitioner filed his second petition in the Court below on February 3. In this petition he alleged that justices of the peace in Washington County have no jurisdiction to try charges of assault. He further alleged that, even assuming that they have such jurisdiction, Magistrate Shank exceeded his authority when he imposed sentences to the House of Correction for terms totaling five years. He relied on the provision in the Criminal Code that "in no case whatsoever shall any Justice sentence any person to imprisonment in the Maryland House of Correction for more than three years nor for less than three months." Code 1951, art. 27, sec. 796.

Judge Manley, who heard the petitioner on February 14, held the case *sub curia* until March 6, when he entered an order refusing to issue a writ and remanding the petitioner to the custody of the warden of the House of Correction. The judge held (1) that Magistrate Shank had jurisdiction to try the charges of assault; (2) that the magistrate lacked authority to sentence the petitioner to the House of Correction for more than three years; and (3) that the Court could not release the petitioner on *habeas corpus* until after he had served three years. On March 16 the Court of Appeals again granted the petitioner leave to appeal.

It is established that as a court of general criminal jurisdiction is a court of record which passes on its jurisdiction in the regular course of trial, its jurisdiction may be reviewed

on appeal if challenged in the trial court, but it cannot be reviewed on *habeas corpus*. On the other hand, if a justice of the peace has no jurisdiction when he convicts and sentences an accused, correction of the judgment may be made on *habeas corpus*. *Superintendent of Maryland State Reformatory for Males v. Calman,* 203 Md. 414, 424, 101 A. 2d 207.

The office of justice of the peace in Maryland dates back to Colonial times. The justices were conservators of the peace in their respective Counties, and had only a limited jurisdiction conferred by Acts of the Maryland Assembly. In their respective Counties the justices composed the County Court, but a great distinction was recognized between the Justices of the County Court and the Judges of the other Courts. The Maryland Constitution of 1776, art. 44, provided that a Justice of the Peace could serve as a Senator or Delegate or as a member of the Governor's Council and continue to act as a Justice of the Peace. Thus the General Court of Maryland, in the opinion delivered by Chief Judge Chase in 1802 in *Whittington v. Polk,* 1 Harris & J., 236, 248, observed: "So far as respects the Justices of the County Courts, the principle in the Bill of Rights, that the legislative, executive and judiciary, shall for ever be kept separate and distinct, is departed from, and they are made capable of being elected members of the General Assembly, or members of the Council; which constitutes a very striking distinction between the Justices of the County Courts, and the Judges of the other Courts, and manifests plainly that it was not the intention to place them on the same footing as to the durability of their commissions."

The Constitution of 1851, art. 4, sec. 19, provided that the Legislature should fix the number of justices of the peace for each ward of the City of Baltimore and for each election district in the several Counties, and that they should be elected by the voters thereof.

The Constitution of 1864, art. 4, sec. 47, and the Constitution of 1867, art. 4, sec. 42, provided for the appointment of justices of the peace by the Governor by and with the advice and consent of the Senate. The Constitution now provides

that Justices of the Peace shall be Conservators of the Peace, and shall have such jurisdiction as has been heretofore exercised or shall be hereafter prescribed by law.

It has always been recognized that the jurisdiction of justices of the peace in Maryland is a special one created by statute. Prior to 1880 justices of the peace had no criminal jurisdiction in this State except such as was conferred by the statute which created the offense and imposed the penalty. Criminal charges which the statute did not specifically authorize justices of the peace to try and determine could be heard only in the Criminal Court after indictment by the grand jury. *State v. Ward,* 95 Md. 118, 123, 51 A. 848.

By Chapter 326 of the Acts of 1880, the Legislature of Maryland conferred additional jurisdiction upon the justices of the peace in eighteen Counties of the State, including Washington County. That Act gave to those justices of the peace jurisdiction, concurrent with the Circuit Courts, (1) in all cases of assault without any felonious intent, (2) in all cases of assault and battery, (3) in all cases of petit larceny when the value of the property stolen does not exceed the sum of five dollars, and (4) in all misdemeanors not punishable by confinement in the Penitentiary. The Act also gave to the justices in those Counties jurisdiction in prosecutions for any charge made punishable by any fine or by imprisonment in jail or in the Maryland House of Correction.

In 1884 that Act was re-enacted in order to eliminate Frederick County from its provisions. Acts 1884, ch. 510. The Act was codified in the Code of Public Local Laws of Maryland, 1930 Ed., as Section 554 of Article 22, title "Washington County."

By Chapter 618 of the Acts of 1890, the Legislature added Section 11A to Article 52 of the Code of Public General Laws, 1888 Ed., title "Justices of the Peace," conferring upon all justices of the peace in the State of Maryland, except in the City of Baltimore, the same jurisdiction that was conferred upon the justices in eighteen Counties by the 1880 Act, and upon the justices in seventeen Counties by the 1884 Act.

By Chapter 475 of the Acts of 1906, this public general law was re-enacted so as to read as follows:

"The several justices of the peace of the State of Maryland, (except in the city of Baltimore, and in Talbot, Harford, Montgomery and Frederick counties), arc hereby vested with, and shall have hereafter jurisdiction to hear, try and determine all cases involving the charge of any offense, crime or misdemeanor, not punishable by confinement in the penitentiary or involving a felonious intent, which may be committed within their respective counties; and shall have jurisdiction to hear, try and determine all prosecutions or proceedings for the recovery of any penalty for doing or omitting to do any act within their respective counties, the doing of which or the omission to do which, is made punishable under the laws of this State by any pecuniary fine or penalty, or by imprisonment in jail or in the Maryland House of Correction * * *."

In 1941 the law was again re-enacted so as to make it applicable to all justices of the peace of the State of Maryland, except in the City of Baltimore. Acts 1941, ch. 689.

In 1945 the Legislature, by Chapter 845, re-enacted this law again so as to be applicable to the Trial Magistrates of the State of Maryland, except in the City of Baltimore, and the law was codified in the Maryland Code, 1951 Ed., in Article 52, title "Justices of the Peace," Section 13(a), subtitle "Criminal Jurisdiction."

In 1949 the Legislature repealed Sections 550 to 557 of Article 22 of the Code of Public Local Laws of Maryland, title "Washington County," sub-title "Justices of the Peace and Constables," declaring that those sections had been superseded and made unnecessary by Sections 93 to 111 of Article 52 of the Annotated Code of Public General Laws, 1947 Ed., relating to the Trial Magistrates System. Acts 1949, ch. 114.

Thus, as Section 554 of Article 22 of the Code of Public Local Laws of Maryland, as enacted in 1880 and amended

in 1884, was expressly repealed by the Legislature in 1949, it is clear that if the justices of the peace in Washington County have jurisdiction to try cases of assault without felonious intent, such jurisdiction is conferred, not by local law, but by general law.

In 1943 the Legislature inserted the following provision in the Criminal Code: "When any person is convicted, before any Circuit Court of any County, or the Criminal Court of Baltimore, of any crime, committed on or after June 1, 1943, and punishable by any imprisonment whatsoever or by fine and imprisonment * * *, said Court may, in its discretion, sentence such person to imprisonment in jail or in the Maryland House of Correction or in the Maryland Penitentiary." Acts 1943, ch. 434, Code 1951, art. 27, sec. 794.

In 1953 the Legislature enacted that whereas Section 794 of Article 27 of the Code provides that when any person is convicted in the Circuit Court of any County or the Criminal Court of Baltimore of any crime punishable by imprisonment, said Court may sentence such person to imprisonment in the Maryland Penitentiary; and whereas Section 13(a) of Article 52 of the Code provides that Trial Magistrates in the State of Maryland, except in the City of Baltimore, shall have criminal jurisdiction of offenses not punishable by confinement in the penitentiary and offenses punishable by imprisonment in the jail or in the Maryland House of Correction; and whereas it is the intent of the Legislature that Trial Magistrates should not be deprived of the jurisdiction granted by Section 13(a) of Article 52, therefore Section 13(a) is repealed and re-enacted so as to read as follows:

> "The several trial magistrates of the State of Maryland (except in the city of Baltimore) are hereby vested with, and shall have hereafter jurisdiction to hear, try and determine all cases involving the charge of any offense, crime or misdemeanor, not punishable by confinement in the penitentiary, as provided in the particular penal statute defining said offense and not as provided in § 794 of article 27 of the Annotated Code of Maryland (1951 Edi-

tion), or involving a felonious intent, which may be committed within their respective counties; and shall have jurisdiction to hear, try and determine all prosecutions or proceedings for the recovery of any penalty for doing or omitting to do any act within their respective counties, the doing of which or the omission to do which, is made punishable under the laws of this State by any pecuniary fine or penalty, or by imprisonment in jail or in the Maryland House of Correction, as provided in the particular penal statute defining said offense and not as provided in § 794 of article 27 of the Annotated Code of Maryland (1951 Edition) * * *." Acts 1953, ch. 505, Code Supp. 1955, art. 52, sec. 13(a).

In view of the express declaration of the Legislature in Chapter 114 of the Acts of 1949 that Section 554 of Article 22 of the Code of Public Local Laws of Maryland had been superseded and made unnecessary by the public general laws relating to the Trial Magistrates System, and in further view of the explicit declarations in Chapter 505 of the Acts of 1953, it is our opinion that the intent of Section 13(a) of Article 52 is that the Trial Magistrates in the Counties of the State have jurisdiction to try all offenses which are not made punishable by the statute defining the offense by confinement in the Penitentiary and which do not involve a felonious intent.

The crime of assault is an attempt by force to injure the person of another. Common assault is a common-law offense, and in this State there is no statutory limitation on the amount of punishment that may be imposed for that offense. *Roberts v. Warden of Maryland Penitentiary,* 206 Md. 246, 252, 111 A. 2d 597. But common assault is not an offense made punishable by statute by confinement in the Penitentiary, and it does not involve a felonious intent. It, therefore, follows that Magistrate Shank had jurisdiction of the offenses with which the petitioner was charged in this case.

Thus, in the recent case of *Jett v. Ferling,* 209 Md. 633, 120 A. 2d 580, 582, where a prisoner in the Maryland State

Reformatory for Males had been tried and found guilty by a trial magistrate in Prince George's County on the charge of assault and battery, and on appeal to the Circuit Court for Prince George's County was tried before a jury and again found guilty, it was stated by the Court of Appeals that the trial magistrate and the Circuit Court had jurisdiction of both the person and the offense.

We come then to the petitioner's final contention that, even assuming that Magistrate Shank had jurisdiction of the crimes charged in the warrants, he had no authority to impose sentences of consecutive terms in the House of Correction totaling more than three years.

In this instance the magistrate imposed two sentences on the petitioner, one for three years, the other for two years. It has long been understood in this State that the statutory provision that "in no case whatsoever shall any Justice sentence any person to imprisonment in the Maryland House of Correction for more than three years" means that a justice of the peace cannot sentence an accused to a term of more than three years for one offense, and does not restrict the right of the justice to impose consecutive sentences for two or more offenses extending for an aggregate of more than three years. 21 Op. Atty. Gen. 293; 22 Op. Atty. Gen. 188. Here the accused was charged with two separate offenses. Consequently the magistrate had the authority to impose two sentences.

*Order affirmed, with costs.*