## SMITH *v.* STATE

[No. 174, October Term, 1955.]

*Decided July 11, 1956.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*William J. McWilliams*, with whom were *McWilliams, Evans & Melvin* on the brief, for appellant.

*David Kauffman, Assistant Attorney General*, with whom were *C. Ferdinand Sybert, Attorney General*, and *C. Osborne Duvall, State's Attorney for Anne Arundel County*, on the brief, for appellee.

BRUNE, C. J., delivered the opinion of the Court.

This appeal is from an order of the Circuit Court for Anne Arundel County overruling the appellant's motion to quash a writ of certiorari, issued pursuant to a prior order of the Circuit Court, requiring a Justice of the Peace and Trial Magistrate for Anne Arundel County to transmit to the Circuit Court the entire record of proceedings in the case of "State of Maryland v. Capt. John W. Smith."

The case originated with the filing of a sworn information with the Trial Magistrate and the issuance by him of a warrant charging the defendant, now appellant, Smith, with the violation of an ordinance of the City of Annapolis in that,

after having been duly summoned to appear and testify before the Mayor and Aldermen, when he appeared, he refused to testify. (The nature of the inquiry is not shown by the record. We were informed at the argument that it grew out of the refusal of the appellant, who is the Captain of the West Annapolis Fire Department, to turn out his unit to join in the celebration of a victory by the Naval Academy football team. We may venture to hope that the importance of the question presented exceeds that of the circumstances from which it is said to arise.)

At his appearance before the Trial Magistrate the defendant was represented by able and experienced counsel. He was informed of the charge against him and was asked how he pleaded. His counsel entered a plea of not guilty, and the Magistrate then inquired whether the defendant wished to be tried by him (the Magistrate) or by a jury. His counsel replied: "We would like a jury trial, request a preliminary hearing." The State objected to the granting of the preliminary hearing and contended that the defendant's request for a jury trial took the case out of the jurisdiction of the Magistrate, so that he could not proceed with a preliminary hearing. After argument, the Magistrate granted the request for a preliminary hearing. The State thereupon declined to put on any testimony, and the Magistrate dismissed the warrant.

The State then appealed to the Circuit Court, and the defendant moved to dismiss the appeal. That motion was granted, but the Court directed the State to file a petition for a writ of certiorari for further proceedings in the case. Such a petition was filed, the Court ordered the writ to issue, the Trial Magistrate promptly complied with it and the defendant filed a motion to quash the writ. This motion was denied. Judge Michaelson filed an opinion in which he stated that the dismissal of the appeal had been based upon the ground that an appeal from a Trial Magistrate to the Circuit Court was authorized by Code (1951), Article 52, Section 13 (b) only after a trial before the Magistrate. He held that when the accused had requested a jury trial, he waived his right to any further hearing before the Magistrate and that the Trial Magistrate was then required under Section 13 of Article

52 of the Code to forward the papers to the Circuit Court and either to commit the defendant, or to admit him to bail, for his appearance in the Circuit Court for trial. Accordingly, he held that the action of the Magistrate in granting the preliminary hearing and dismissing the warrant exceeded his powers under the Section referred to. The appeal brings up for review the correctness of this ruling.

The powers and duties of justices of the peace have developed over many years and a great deal of interesting legal history is concerned with their development. To attempt to review that history to any substantial extent would prolong this opinion unduly, particularly in view of our conclusion that the present case is controlled by a statute of comparatively recent origin. We may, however, advert briefly to two historical matters.

First, at least, up to the time of the American Revolution, the functions of justices of the peace with regard to preliminary hearings in criminal cases were largely governed by two statutes passed, respectively, in 1554 and 1555, 1 & 2 Phil. & Mary, c. 13, s. 4, and 2 & 3 Phil. & Mary, c. 10, both of which were in force in Maryland. Under these statutes the functions of the magistrate were largely inquisitorial. See *Blackstone, Commentaries,* Book IV (1769), page 296; *Stephen, History of the Criminal Law of England* (1889), Vol. I, pages 216-229 (tracing the evolution from the inquisitorial to the judicial type of investigation or hearing); and a note by Professor Waite in 30 *Mich. L. Rev.* 928, *et seq.*

Second. Both before and since July 4, 1776, justices of the peace in Maryland have been authorized to try summarily a number of minor offenses. Statutes authorizing such procedure have not been regarded as contravening the right of trial by jury or any other rights set forth in the Maryland Declaration of Rights. One statute providing for such procedure was passed in 1777 at the first session of the Legislature held after the adoption of our original Declaration of Rights and Constitution of 1776. See *State v. Glenn,* 54 Md. 572, 602-606.

Latrobe in his work on *The Justices' Practice* and Hochheimer in his work on *Criminal Law* wrote of the situation where the Magistrate has no power to try the accused and

can only commit him to await trial in the Circuit Court (or the Criminal Court in Baltimore City) or admit him to bail for appearance in such Court or else discharge him. In any such case the accused is, of course, entitled to a preliminary hearing to determine whether he should be committed or held in bail or discharged. Neither Latrobe nor Hochheimer seems to have considered a situation of the precise kind which we have here—where the alleged offense is one which a justice of the peace is authorized to try, provided (1) that the accused, after being informed of his right to a trial by jury, freely elects to be tried by the magistrate and (2) that the State does not pray a jury trial, and in such a case the accused pleads not guilty and elects a jury trial. In the case of Latrobe the reason is probably not far to seek—he wrote before any statute containing such provision was enacted. A comparison of the extensive citations from the 8th Edition of Latrobe's *Justices' Practice,* published in 1889, which the appellant relies upon, with the corresponding sections of the 2nd Edition, published in 1835, will show no greater difference than in capitalization, punctuation, or the spelling of a reference to Blackstone, between the two editions. The forerunner of the present Section 13 of Article 52 of the Code was first enacted by Chapter 326 of the Acts of 1880. See *State v. Ward,* 95 Md. 118, at 122, 51 A. 848, at 849. (Sec. 10 of Chapter 415 of the Acts of 1878, which was involved in *State v. Glenn, supra,* conferred jurisdiction upon justices of the peace to try persons accused of certain minor offenses and gave a right of appeal to the Circuit Court of a County or to the Criminal Court of Baltimore.)

In *Danner v. State,* 89 Md. 220, 42 A. 965, a provision of what was then Section 11A of Article 52 of the Code (which, as amended, is now Section 13) in terms conferred additional jurisdiction on justices of the peace in several counties, concurrent with that of the Circuit Courts in all cases of assault without any felonious intent, in all cases of assault and battery and in cases of petty larceny, when the value of the property stolen did not exceed five dollars. Petty larceny was a felony. It was held that it was beyond the power of the Legislature to authorize a justice of the peace to try such a

case, that the accused's waiver of a jury trial was ineffective, and that the right of appeal from the magistrate to a Circuit Court did not gratify the constitutional requirement for a jury trial in such cases. In considering this phase of the matter the Court quoted that portion of the statute which provided that "if any person brought before him shall, before trial * * * pray a jury trial, it shall be the duty of any such Justice to commit such alleged offender for trial in the Circuit Court, etc." The Court then went on to say: "There is no obligation put upon the Justice to make inquiry as to the probable guilt of the accused, nor is the latter accorded the privilege of demanding such an inquiry." This statement would not have been called for if the Court had been of the opinion that the right to a preliminary hearing existed apart from the terms of the statute which was under consideration.

In *State v. Ward,* 95 Md. 118, 51 A. 848, it is said that prior to the passage of Chapter 326 of the Acts of 1880 (from which Section 13 of Article 52 of the Code is derived), justices of the peace had no criminal jurisdiction except such as was conferred by the Act which created the offense and imposed the penalty. It was held that the provisions of the Act of 1880 permitting persons accused of offenses to elect a jury trial applied only to cases which were within the *additional* jurisdiction conferred upon magistrates by that Act and did not grant such a right in other cases which magistrates were previously empowered to try. A subsequent amendment of the statute eliminated the reference to additional jurisdiction, and the provisions relating to the election of a jury trial were thereafter held to be applicable to *all* cases which magistrates were empowered to try. *State v. Beach,* 153 Md. 618, 139 A. 355. This view is reinforced and perhaps extended by Chapter 487 of the Acts of 1943 with regard to cases triable by magistrates (other than motor vehicle cases). That statute repealed and re-enacted with amendments Section 13 of Article 52, and it also repealed all inconsistent laws and declared the intention to make uniform throughout the State (outside of Baltimore City) the method of trial, the right to demand a jury trial, and the right of appeal in all criminal cases subject to the jurisdiction of Trial Magistrates, except motor

vehicle cases, whether then existing or subsequently defined, unless the statute defining such offenses, by specific reference, otherwise declares.

Section 13 (a) of Article 52 of the Code (1951), as amended by Chapter 505 of the Acts of 1953, empowers Trial Magistrates (except in the City of Baltimore) to hear, try and determine, and to impose sentence in (a) all cases[1] involving the charge of any offense, crime or misdemeanor not punishable by confinement in the penitentiary as provided by the particular statute defining the offense (and not as provided by Section 794 of Article 27 of the 1951 Code) and not involving a felonious intent [See *Yantz v. Warden of Md. House of Correction,* 210 Md. 343, 123 A. 2d 601] and (b) all prosecutions or proceedings for the recovery of any penalty for doing or omitting any act in their respective counties, if the doing or omission of such act is punishable under the penal statute defining the offense (and not under Section 794 of Article 27) by a pecuniary fine or penalty or by imprisonment in jail or in the House of Correction. All such acts or omissions are declared to be criminal offenses. The power of a Trial Magistrate to act in such cases is limited by a proviso to the effect that he can act only if the accused, after being informed of his right to a jury trial, freely elects to be tried by the Magistrate and if the State does not elect a jury trial.

Section 13 (b) provides in part as follows:

> "and [in] all cases where * * * the accused elects to be tried by jury, or appeals from the judgment of the Trial Magistrate, the Trial Magistrate shall take from the accused his recognizance with sufficient surety conditioned for his personal appearance to answer said charge at the then [or next] session * * * of the Circuit Court * * *; and in default of the accused entering into such recognizance, the Trial Magistrate shall commit him to jail for his appearance at such Court to answer such charge, and shall at once return the recognizance, if there be one,

---

1. There are exceptions in some types of cases as noted in connection with the 1943 amendment.

and all papers and proceedings in such case, including a copy of his judgment (in appeal cases) * * * to the Clerk of said Court."

Aside from the fact that provisions respecting the admission of the accused to bail are much more fully spelled out in the present statute than in the original Act of 1880, there is a very strong similarity between the magistrate's duties under the present Act and his duties under the earlier one which was before the Court in the *Danner Case*. Lodgment of a part of the judicial power of the State in justices of the peace is made by Section 1 of Article 4 of the Maryland Constitution, but this is done in general terms and under Section 42 of Article 4 it is within the power of the Legislature to prescribe the jurisdiction and duties of justices of the peace. *Woelfel v. State,* 177 Md. 494, at 503, 9 A. 2d 826, at 829.

We think that the construction placed upon the provisions of the Act of 1880 in the *Danner Case* that, if the accused elected a jury trial, no duty was imposed upon the magistrate to make inquiry as to the probable guilt of the accused and that the accused had no right to demand such an inquiry, is equally applicable to the present statute. The two courses of action which were open to the accused—to be tried by the magistrate on a minor offense or to demand a jury trial—were alternatives, and were the only alternatives open to him under the statute. We find no basis for interpolating a third alternative—to elect a jury trial and to demand a preliminary hearing, and we think that the language in the *Danner Case* negatives such an alternative. We also note that the magistrate is required to follow precisely the same procedure, which is to transmit the entire record to the Clerk of the Circuit Court, whether the accused elects a jury trial in the first instance or waives a jury trial and elects to be tried by the magistrate in the first instance and then appeals. It would be an absurdity to say that he was entitled to a preliminary hearing to determine probable guilt in the latter situation where the magistrate has already found him guilty, yet the same procedure on the part of the magistrate is prescribed in each instance, with only such variations as are necessary to conform with the state of the record in one situation or the other. Under

Section 14 of Article 52, all appeals from a judgment of a Trial Magistrate are to be heard and tried *de novo* in the Circuit Court (and this is true even if the accused pleads guilty before the magistrate).

Strictly speaking, the instant case seems to be one of election rather than of waiver. Therefore, cases on waiver, such as *Heath v. State,* 198 Md. 455, 85 A. 2d 43, may not be directly in point; but much the same principles are applicable. Here, the accused had a free choice between valid alternatives, just as the accused had in the *Heath Case.*

The appellant relies, among authorities, upon *Card v. Salmon,* 2 W. L. R. 301, 97 Solicitor's Journal 650, decided in 1953. Whatever may be the rule in England today, we think that here the question is controlled by our local statute. A like observation may be made with regard to authorities from other States.

In reaching our conclusions we have carefully considered an opinion rendered in 1934 by the then Deputy Attorney General, reported in 19 Opinions of the Attorney General 318, reaching an opposite view with regard to a substantially similar question which arose under the Public Local Laws applicable to Baltimore City; but we are unable to agree with that opinion.

Since we rest our decision upon the ground that under Section 13 of Article 52 of the Code the accused, charged with a minor offense, was entitled to either a trial by jury or to a trial before the magistrate, with a right of appeal to the Circuit Court, and that the statute contemplates either a full hearing before a magistrate if the latter course is chosen or no hearing at all before the magistrate if, as was the case here, a jury trial is chosen, we find it unnecessary to pass upon the State's contention that a plea of not guilty before the magistrate would of itself amount to a waiver of a right to a preliminary hearing before the magistrate.

Though there is some question as to whether the order appealed from in this case was a final order, we have concluded that this order should be affirmed, rather than that the appeal should be dismissed for lack of finality of the order.

*Order affirmed, with costs,*
*and case remanded.*