# JACKSON v. STATE

[No. 241, September Term, 1959.]

106

*Decided July 1, 1960.*

*Letter received from appellant August 1, 1960, treated as a motion for rehearing, denied September 14, 1960.*

Submitted to BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

Submitted on brief by *William H. Murphy* for the appellant.

Submitted on brief by *C. Ferdinand Sybert, Attorney General, James H. Norris, Jr., Special Assistant Attorney General, Saul A. Harris, State's Attorney for Baltimore City,* and *Dene L. Lusby* and *Julius A. Romano, Assistant State's Attorneys,* for the appellee.

HORNEY, J., delivered the opinion of the Court.

William H. Jackson (the defendant) was indicted by the Grand Jury of Baltimore City under separate indictments for assaults with intent to kill Elizabeth Stanton (a sister of the defendant) and Charles E. White (a friend of the sister). When he was arraigned he plead not guilty to both indictments and elected a court trial. Immediately before the trial of both cases several months later, the defendant moved to dismiss the indictment for the aggravated assault on Charles E. White (a) because the defendant's counsel was not present at the hearing before the police magistrate and (b) because the warrant—which had charged him with "assault and attempting to stab" but not an "assault with intent to kill"—should have been disposed of by the magistrate. The motion was denied. When the trial was concluded, the court convicted the defendant of assault with intent to kill his sister and of common assault on her friend.

It is from the conviction for common assault that the defendant has appealed, claiming, through his court-appointed counsel, that he was deprived of his rights when the police magistrate did not try him for the common assault. In a separate "brief" submitted in proper person, the defendant also raised twenty-four questions. Eleven of them concern or are related to the same subject as that set forth in the sole question presented by his appellate counsel. Two other questions relate to the absence of counsel at the hearing before the magistrate. Of the remaining eleven contentions, one con-

cerns his alleged illegal arrest; two charge that his court-appointed trial counsel was incompetent; four present the alleged failure of the State to prosecute his sister and her friend for alleged offenses against the defendant; one asserts without stating any supporting facts that he was convicted on perjured and conflicting testimony; one states that the State's Attorney "changed" the indictment number and the name of a prosecuting witness without authority; another states that the trial court neglected to inform him—after he had dismissed his court-appointed counsel during the progress of the trial—as to the rules of procedure; and finally it was contended that it was error to exclude the defendant from a bench conference while he was representing himself.

At the postponed preliminary hearing before the police magistrate—at which counsel engaged by the defendant, though notified, was not present—the defendant made no comment respecting the charge concerning the "assault and stabbing" of Elizabeth Stanton "with intent to kill." Nor did the defendant seek further postponement of or make a request for trial by the magistrate on the charge against him of "assault and attempting to stab" Charles E. White. The magistrate did not inform the defendant of the right of trial by a jury, and neither the defendant nor the State prayed a jury trial of the latter charge. Instead the police magistrate—following what was said to be the practice in Baltimore City where several charges arise out of the same circumstances and at least one of them is clearly a grand jury matter—held the defendant for the action of the grand jury on both charges. The only request made by the defendant at that time was for the summoning of certain witnesses and that his sister and her friend also be charged with offenses against him. The grand jury indicted the defendant as stated but did not indict either of the prosecuting witnesses.

Even if we assume, without deciding, that a charge of "assault and attempting to stab" was one that the police magistrate had jurisdiction to try, there is nothing in the record to indicate that the defendant was prejudiced in any way when the police magistrate sent both cases to the grand jury. Trial by a magistrate, even though he has jurisdiction, is not

an inalienable right which may not under some circumstances be taken away or transferred to another tribunal. The State has a right to pray a jury trial, which when demanded has the effect of divesting the magistrate of any further jurisdiction. *Lloyd v. State,* 219 Md. 343, 149 A. 2d 369 (1959), *cert. den.,* 359 U. S. 1014 (1959). See also the Charter and P. L. L. of Baltimore City (1949 ed.) as amended by Ch. 296 of the Acts of 1955. In the instant case, though he did not pray a jury trial, the State's Attorney had a right and a duty to lay the matters in question before the grand jury when they came to his attention. Cf. *Blaney v. State,* 74 Md. 153, 21 Atl. 547 (1891). Furthermore, regardless of whether preliminary proceedings had been had before a magistrate, the grand jury had the power on its own motion to originate the charges it presented against the defendant in this case. See *Brack v. Wells,* 184 Md. 86, 40 A. 2d 319 (1944) ; *Hitzelberger v. State,* 173 Md. 435, 196 Atl. 288 (1938) ; *Coblentz v. State,* 164 Md. 558, 166 Atl. 45 (1933) ; *Blaney v. State, supra.*

The defendant also contends that he should have had counsel at the hearing before the magistrate. The record shows that counsel he had spoken to claimed he would be engaged elsewhere when notified of the postponed hearing. At the pre-trial hearing on the motion to dismiss the indictment, which was subsequently denied, the police magistrate testified that the defendant had not requested counsel. Nor was there a showing of denial of due process. The defendant was not entitled to the appointment of counsel at the preliminary hearing. *Brown v. Warden,* 218 Md. 643, 145 A. 2d 280 (1958) ; *Ridgeley v. Warden,* 201 Md. 651, 92 A. 2d 451 (1952).

Since the appendix fails to show that any of the eleven remaining contentions submitted by the defendant in proper person were ever raised in the trial court, they are not properly before us on this appeal.

The judgment appealed from will be affirmed.

*Judgment affirmed.*