GENE DAVID WEDDLE *v.* STATE OF MARYLAND

[No. 168, September Term, 1967.]

*Decided May 2, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Stuart E. Hirsch,* with whom was *Nelson R. Kandel* on the brief, for appellant.

*Fred Oken, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Julian B. Stevens, Jr., State's Attorney for Anne Arundel County,* and *Ronald M. Naditch, Assistant State's Attorney for Anne Arundel County,* on the brief, for appellee.

ANDERSON, J., delivered the opinion of the Court.

Appellant, Gene David Weddle, was convicted of assault in the Circuit Court for Anne Arundel County by Judge E. Mackall Childs, sitting without a jury, and sentenced to eight

years under the jurisdiction of the Department of Correction. He appeals from the judgment.

On appeal, appellant raises four contentions:

(1) That it was constitutional error for the State to pray a jury trial in the People's Court and for the Circuit Court to try the case without an information or indictment being filed or a preliminary hearing held.

(2) That appellant was deprived by the lower court of the effective assistance of counsel.

(3) That the evidence was not legally sufficient to support the conviction of the appellant for assault with a deadly weapon.

(4) That the sentence of the lower court was illegal.

The record transcript discloses that the appellant was brought to trial in the Circuit Court for Anne Arundel County on June 6, 1967 on two State warrants charging him with assault and carrying openly a deadly weapon with intent to injure. The State had prayed a jury trial in the People's Court and the cases had been sent directly to the Circuit Court for trial. Both the appellant and the State waived a jury trial and appellant was then arraigned upon each warrant and entered pleas of not guilty. Prior to trial appellant moved for a dismissal of the charges against him because the court lacked jurisdiction since the State had prayed a jury trial in the People's Court, nor had the appellant been indicted by a Grand Jury or an information filed against him. The motion to dismiss was denied.

The record transcript further discloses that on February 20, 1967, at about 7:30 a.m., Lieutenant Kinsey of the Anne Arundel Police, in uniform and driving a marked police cruiser, stopped appellant and a companion, William Kratsas, on Arundel Beach Road in Severna Park for questioning in connection with a breaking and entering that had occurred about two hours earlier of the nearby Hahn Building located at the intersection of Ritchie Highway and Arundel Beach Road. According to Lieutenant Kinsey's testimony appellant and Kratsas were walking in a westerly direction on Arundel Beach Road and driving east he passed them, turned into a dirt lane and stopped.

He stepped from his patrol car and called to them. Kratsas turned around but appellant kept on walking. He called a second time and appellant turned and came back towards him and stopped behind Kratsas.

While Lieutenant Kinsey was conversing with Kratsas, Officers Smith and Martin, who had been following Kinsey in another patrol car, arrived at the scene. As the two officers approached, they observed appellant remove a revolver from his coat with his right hand and transfer it behind his back to his left hand. Officer Smith leaped out of the patrol car with drawn gun, rushed over, and ordered appellant to drop his gun. Officer Martin did likewise and it was then that Lieutenant Kinsey first observed appellant holding a .32 caliber automatic revolver pointed directly at his midsection. Appellant responded to the police command by dropping the gun in the snow and covering it with his left foot.

The gun contained four live rounds of ammunition with an empty cylinder on top. Upon being qualified as an expert witness, Lieutenant Kinsey stated that the empty cylinder was carried on top for safety while in pocket and that upon pulling the trigger the gun would fire. Both Officers Smith and Martin testified and fully confirmed the testimony of Lieutenant Kinsey. Each observed appellant pointing the gun directly at Lieutenant Kinsey.

Appellant, who took the stand in his own defense, testified that he did not intend to shoot Lieutenant Kinsey but took the gun from his pocket for the purpose of hiding it. He stated that the gun belonged to his companion who had asked him to carry it for him.

The lower court found appellant guilty of assault but not guilty of carrying openly a deadly weapon with intent to injure, since that offense merged with the offense of assault.

## I

Appellant in his first contention complains that he was deprived of his constitutional rights by the State's demand for a jury trial in this case. While admitting that the State had the right to pray a jury trial when his case came before the People's Court for Anne Arundel County, he contends that by electing

a jury trial in this case, the State deprived him of his constitutional rights, in that this election subjected appellant to a harsher punishment, which, in fact, he did receive, than he could have received had his trial been held in the People's Court. Appellant argues that since the maximum sentence the People's Court can impose for common-law assault is three years, Article 27, § 689 (c) (1), the Circuit Court is limited to the same measure of punishment on appeal. There is no merit to this contention.

The crime of assault is an attempt by force to injure the person of another. Assault is a common-law crime, and in Maryland there is no statutory limitation on the amount of punishment that may be imposed for that offense. *Roberts v. Warden,* 206 Md. 246, 252, 111 A. 2d 597 (1955); *Yantz v. Warden,* 210 Md. 343, 351, 123 A. 2d 601 (1956); *Lloyd v. State,* 219 Md. 343, 353, 149 A. 2d 369 (1959). The Magistrates Courts are granted concurrent criminal jurisdiction with the Circuit Courts in certain cases, including common-law assault. Section 13 (a) of Article 52, Maryland Code (1968 Repl. Vol.) provides, in pertinent part, that the power of the trial magistrates [1] to try and dispose of all such offenses not made punishable by statute by confinement in the penitentiary or involving a felonious intent is co-extensive with the jurisdiction of the circuit court, "* * * provided, however, that the accused, when brought before any such trial magistrate, or being informed by him of his right to trial by jury, freely elects to be tried before such trial magistrate, and provided, further, *that a jury trial be not prayed in such case on the part of the State by the State's Attorney.*" (Emphasis supplied). This section excludes from the jurisdiction of the trial magistrate any case in which the State's Attorney prays a jury trial on behalf of the State.

In this case appellant was brought before the People's Court for Anne Arundel County upon a State warrant charging him with assault, a common-law offense not made punishable by statute, by confinement in the penitentiary and not involving

1. Section 25D, Art. 52, Code, vests the powers of the trial magistrates in the judges of the People's Court for Anne Arundel County.

a felonious intent. Accordingly, the People's Court had jurisdiction to try and dispose of the case in the absence of an election by the accused or by the State for a jury trial. *Yantz v. Warden, supra.* When a jury trial was prayed by the State, the People's Court was thereby divested of any further jurisdiction over the appellant who immediately became subject to the jurisdiction of the Circuit Court for Anne Arundel County as fully and effectually as if that court had acquired that jurisdiction originally. *Lloyd v. State, supra.*

Appellant's contention that the sentence imposed by the Circuit Court in this case cannot exceed the maximum sentence that could be imposed by the People's Court for the offense charge is answered in *Lloyd v. State, supra,* where the same contention was raised. There the court pointed out that the section involved in that case fixed only the jurisdiction of the police magistrates in Baltimore City and did not in any way affect, alter or modify the power and authority of the Criminal Court of Baltimore to impose punishment for the common-law offense of simple assault and battery. The court at page 353 further went on to say:

"An assault and battery, when tried by the Criminal Court of Baltimore or the Circuit Court of a county—whether on a state warrant, an information or an indictment or de novo on appeal—being a common-law offense, there is no statutory limitation on the punishment which may be imposed therefor by a criminal court."

Moreover, trial by the People's Court, even though it has jurisdiction, is not an inalienable right which may not under some circumstances be taken away or transferred to another court. The State has the right to pray a jury trial which, when demanded, as here, has the effect of divesting the People's Court of any further jurisdiction. *Jackson v. State,* 223 Md. 105, 108-109, 163 A. 2d 120 (1960).

Appellant also complains that when the People's Court was deprived of jurisdiction by the State's demand for a jury trial his failure to receive a preliminary hearing was constitutional

error and a violation of his right to due process of law. There is no merit to this contention. Article 52, § 13, Code, contemplates a full hearing before the People's Court for Anne Arundel County or no hearing at all in that court if either side elects a jury trial. When a jury trial is prayed, either by the accused or by the State, the People's Court has no jurisdiction to hold a preliminary hearing. *Smith v. State,* 210 Md. 440, 448, 124 A. 2d 839 (1956).

Moreover, a preliminary hearing, relating as it does only to the legality of an accused's detention before his indictment, is not a necessary proceeding in obtaining a valid conviction. *Ferrell v. Warden,* 241 Md. 432, 436, 216 A. 2d 740 (1966). The failure to hold a preliminary hearing does not vitiate a conviction otherwise fairly had and there is no constitutional right thereto, in the absence of specific provision therefor. *Kardy v. Shook,* 237 Md. 524, 543, 207 A. 2d 83 (1965).

Appellant further complains of constitutional error for lack of information or indictment. We find no merit in this contention. Article 21 of the Declaration of Rights, Constitution of Maryland, provides that in all criminal prosecutions the accused has the right to be informed of the charges against him. Here the appellant was charged in a State warrant, in which appear the charges against him and which is a part of the record in this appeal. The appellant's constitutional right to be informed of the accusation against him may be satisfied in a proper case by a State warrant as well as by an indictment or information. *Lank v. State,* 219 Md. 433, 436, 149 A. 2d 367 (1959); *Gray v. State,* 216 Md. 410, 415, 140 A. 2d 643 (1958).

A further answer to appellant's contention is that Maryland Rule 702, defining an "Indictment," provides that, "Indictment" shall include an indictment, a criminal information, and *a warrant issued by a justice of the peace where a jury trial was prayed before a trial magistrate or an appeal has been taken from a trial magistrate."* (Emphasis supplied.).

## II

Appellant contends that he was deprived of the effective assistance of counsel. This contention is based upon a remark made by the trial judge while Lieutenant Kinsey was testifying

on behalf of the State. After the Lieutenant testified as to his training with firearms, the State submitted he was qualified and the court told the State's Attorney to ask him the question. The appellant objected and the court overruled the objection. Appellant's attorney then asked the court: "Qualified as to what, your Honor? I would like to know." The court replied: "Qualified in the knowledge of what a .32 caliber revolver would do under those circumstances. And don't ask the court questions. I will ask you." Appellant argues that this amounted to a deprival of the appellant's right to be represented by counsel as guaranteed by Article 21 of the Declaration of Rights and the Sixth Amendment to the Constitution of the United States.

There is no merit to this contention. It may be pointed out that the appellant did not object to the form or substance of the trial court's remark or anything else that might support a claim of prejudice. Accordingly, there is nothing for this court to review. This Court on appeal will not ordinarily decide an issue which does not appear from the record to have been raised and decided by the lower court. Maryland Rule 1085. See also *Day v. State,* 2 Md. App. 334, 234 A. 2d 894 (1967), where the propriety of the trial judge's remarks were held not before the court on appeal where the appellant failed to object below. Moreover, the appellant was not precluded from cross-examination of the witness on his qualification as a firearms expert, the determination of which was primarily in the discretion of the trial court. *Sherrod v. State,* 1 Md. App. 433, 230 A. 2d 679 (1967).

### III

Appellant's third contention is that there was no legally sufficient evidence to sustain his conviction of assault.

In a non-jury trial this Court will review the case, both upon the law and the evidence, but the judgment of the lower court will not be set aside on the evidence unless clearly erroneous, and due regard will be given to the opportunity of the lower court to judge the credibility of the witnesses. *McFadden v. State,* 1 Md. App. 511, 231 A. 2d 910 (1967); *Stewart v. State,* 1 Md. App. 309, 229 A. 2d 727 (1967);

*Grice v. State,* 2 Md. App. 482, 235 A. 2d 316 (1967) ; Maryland Rule 1086.

There is ample evidence, if believed by the trier of the facts, to support appellant's conviction. Lieutenant Kinsey and the two other police officers in their testimony fully described the assault made by the appellant with a loaded .32 caliber revolver upon Lieutenant Kinsey at the time he was stopped for questioning. The trial court is not required to believe the exculpatory testimony of the accused. *Tingler and Wright v. State,* 1 Md. App. 389, 230 A. 2d 375; *Spencer v. State,* 1 Md. App. 264, 229 A. 2d 151 (1967). The credibility of the witnesses. was for the trier of the facts to determine. *Cooper v. State,* 1 Md. App. 190, 228 A. 2d 840 (1967) ; *Carrington v. State,* 1 Md. App. 353, 230 A. 2d 112 (1967).

## IV

The appellant's final contention is that the sentence imposed by the lower court was an illegal sentence. While this contention has been dealt with in other parts of this opinion, and found to be without merit, it may be noted that there is no statutory limitation on the length of sentence that a criminal court may impose for assault or assault and battery. *Yantz v. Warden, supra; Lloyd v. State, supra; Heath v. State,* 198 Md. 455, 85 A. 2d 43 (1952). Furthermore, we do not find the sentence cruel or unusual in the constitutional sense. See *Washington and Walker v. State,* 2 Md. App. 633, 236 A. 2d 32 (1967).

*Judgment affirmed.*