## JOHNSON *v.* STATE

[No. 15, October Term, 1948.]

448

*Decided November 11, 1948.*

The cause was argued before MARBURY, C. J., DELAPLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

*W. Hyland Van Sant,* with whom was *W. Brewster Deen* on the brief, for the appellant.

The Court declined to hear argument for the appellee.

*Hall Hammond, Attorney General, Harrison L. Winter, Assistant Attorney General,* and *James A. Wise, State's Attorney for Caroline County,* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

Junior Johnson was tried before a trial magistrate in Caroline County, on a charge of assault and battery, found guilty and sentenced to pay a fine of $50 and costs. The State entered an appeal from the judgment and sentence to the Circuit Court for Caroline County, where he was tried by the Court, found guilty and sentenced to four months in the House of Correction. His appeal challenges the action of the Court in sustaining the State's demurrer to his plea to the jurisdiction, his plea of *Autre Fois Convict,* and his motion to quash the proceedings in the Circuit Court. The appellant contends that the State had no right to appeal from the conviction and sentence of the Magistrate.

We think the case is controlled by our recent decision in *Robb v. State,* 190 Md. 641, 60 A. 2d 211. In that case the appellant was tried before a trial magistrate and found not guilty. The State appealed to the Circuit Court, where the accused was found guilty and sentenced to twelve months in the House of Correction, after the court had sustained a demurrer to his plea of double jeopardy. We held that the Circuit Court had jurisdiction, that its judgment and sentence were final, and dismissed the appeal to this court. We pointed out that the question turned upon the language of section 13 of Article 52 of the Code, which provides in part: "If after a trial before the Trial Magistrate either party shall feel aggrieved by his judgment there shall be a right of appeal within ten days to the Circuit Court for the county in which the alleged offense is charged to have been committed, \* \* \*". We held that there could be no valid objection, under the Federal or State Constitution, to a statutory change in the common law rules as to double jeopardy.

The appellant attempts to distinguish this case on the ground that a different rule should apply where there is a conviction rather than an acquittal, by the Magistrate. We see no force in the distinction. The plea of *Autre Fois Convict* is the legal counterpart, at common law, of the plea of *Autre Fois Acquit.* "The rule forbids a second trial for the *same offense* whether the accused at the former trial was acquitted or convicted." *Gilpin v. State,* 142 Md. 464, 466, 121 A. 354, 355. The language of section 13 allows an appeal from the Magistrate if "either party shall feel aggrieved by his judgment". The appeal is from the judgment and sentence, not from the verdict. *Dail v. Price,* 184 Md. 140, 143, 40 A. 2d 334; *Kaefer v. State,* 143 Md. 151, 160, 122 A. 30. "The right is general, and, if the fine assessed is not, in the opinion of those prosecuting and acting for the state, sufficient, an appeal may be taken as well as where the defendant is acquitted". *State v. Tait,* 22 Iowa 140, 141. See also *State v. Arnold,* 144 Ind. 651, 42 N. E. 1095, 43 N. E. 871,

and *Territory of Wyoming v. Nelson,* 2 Wyo. 346. Compare *Palko v. Connecticut,* 302 U. S. 319, 58 S. Ct. 149, 82 L. Ed. 288.

It is immaterial that the State assigned no errors in the trial before the Magistrate. Section 13A of Art. 52 provides: "All appeals from judgments of Trial Magistrates taken in accordance with the provisions of the preceding section shall be heard and tried *de novo* notwithstanding that the person accused pleaded guilty before said Trial Magistrate. Except in cases of appeal from the judgment of the Trial Magistrate, the accused shall be entitled to an appeal to the Court of Appeals from the judgment of the Circuit Court." We cannot review the judgment, except to consider whether the Circuit Court had jurisdiction to entertain an appeal. *Robb v. State, supra.*

*Appeal dismissed, with costs.*