HARRY KAYE, PETITIONER
FOR WRIT OF HABEAS CORPUS
*vs.*
KEEPER OF THE JAIL

HARRY KAYE, PLAINTIFF IN ERROR
*vs.*
STATE OF MAINE

Cumberland.   Opinion, April 6, 1950.

*Nixon & Nixon,* for petitioners.

*Daniel C. McDonald,*
*Arthur Chapman, Jr.,* for respondent.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

WILLIAMSON, J. Harry Kaye, petitioner for writ of habeas corpus and the plaintiff in error, seeks his release from the county jail where he is now serving a six months' sentence. The cases arise on report with an agreed statement of facts.

On a complaint and warrant charging Kaye with larceny of a horse of the value of four hundred dollars, "probable cause" was found in the Portland Municipal Court. After a plea of not guilty and examination, described in the agreed statement as "a full hearing upon said warrant before the court with both the state and the defendant producing testimony and evidence thereon," Kaye was "bound over to the September Term of the Superior Court" and gave the bail required by the magistrate.

In the Superior Court, Kaye was indicted for the identical offense set forth in the complaint and warrant, pleaded not guilty, was tried, and found by the jury to be "guilty of misdemeanor." Judgment of six months' sentence in the county jail was rendered on the verdict.

On the writ of error we are limited to consideration of the record. *Nissenbaum* v. *State of Maine,* 135 Me. 393, 197 A. 915 (1938). The issue is whether the recorded verdict of "guilty of misdemeanor" fairly and fully describes

the offense of which Kaye was found guilty and on which the judgment was rendered.

Larceny is defined in *R. S., Chap. 119, Sec. 1* (1944). If the value of the property, which is the subject of the larceny, is found to exceed $100, the crime is punishable by imprisonment in the state prison. Such crime, commonly known as grand larceny, is a felony. If the value of the property does not exceed $100, the crime is not so punishable. Such crime, commonly known as petit larceny, is a misdemeanor.

What meaning can the words "guilty of misdemeanor," taken in the setting of the indictment and trial, have other than that the jury found Kaye guilty of larceny and the horse was of a value not exceeding $100? The record is clear and unmistakable to one who reads with care and understanding.

In the habeas corpus proceedings, Kaye contends that a finding of "probable cause" of grand larceny included a finding of "not guilty" of petit larceny, and that by the verdict he has been placed for a second time in jeopardy for petit larceny. For this purpose, he accepts the jury verdict as a finding that the horse was a subject for petit but not for grand larceny.

The petitioner is not entitled of right to consideration of the issue of former jeopardy on habeas corpus. 25 *Am. Jur.* 182; 39 *C. J. S.* 474. Indeed there is no record that the issue of former jeopardy was raised at any stage of the trial or at the time of sentence.

In *Clawans* v. *Rives*, U. S. Ct. of Appeals, D. C., 104 F (2nd) 240, 122 A. L. R. 1436 (1939) cited by the petitioner, and in *Hans Nielsen, Petitioner*, 131 U. S. 176 (1889) cited in the *Clawans* case, the issue of former jeopardy, held to be properly raised on habeas corpus proceedings, had as well been presented below. For illustrative cases on the proper procedure in case of former jeopardy see *State* v. *Barnes*,

32 Me. 530 at 534 (1851) ; *State* v. *Houlehan,* 109 Me. 281, 83 A. 1106 (1912) ; *State* v. *Slorah,* 118 Me. 203, 106 A. 768 (1919) ; *State* v. *Cohen,* 125 Me. 457, 134 A. 627 (1926) ; *State* v. *Shannon,* 136 Me. 127, 3 A. (2nd) 899, 120 A. L. R. 1166 (1939).

In *O'Malia* v. *Wentworth,* 65 Me. 129 (1876), the court said at page 132, "The writ (habeas corpus) cannot be used as a substitute for a plea in abatement, a motion to quash, or a writ of error. Nor can it be substituted for an appeal."

We are not, however, prohibited from consideration of the *habeas corpus,* and under the circumstances of this case we proceed to decide the issue on its merits.

The petitioner has failed to note that there was no trial before the committing magistrate as was the situation in *Cunningham* v. *State,* 80 Ga. 4, 5 S. E. 251 (1888). On the offense charged in the complaint and warrant, which we have seen was a felony, the magistrate had no jurisdiction to determine guilt or innocence. Jurisdiction of the complaint was taken only for the purpose of determining if there was "probable cause," and, if so, to "bind over" the accused to the trial court. *Commonwealth* v. *Hamilton,* 129 Mass. 479 (1880) ; *State* v. *Morgan,* 62 Ind. 35 (1878) ; 15 *Am. Jur.* 47; 22 *C. J. S.* 483.

The petitioner was not in jeopardy before the magistrate for the larceny of a particular horse of a value not exceeding $100, that is, for the misdemeanor of which he was found guilty in the Superior Court.

There were no errors in the proceedings resulting in the six months' sentence now being served.

The writ of error must be dismissed, and the petition for habeas corpus dismissed and the writ discharged.

*It is so Ordered.*