## ELLINGER *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 40, September Term, 1960.]

*Decided January 18, 1961.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

BRUNE, C. J., delivered the opinion of the Court.

This is the second application of Raymond Ellinger for leave to appeal from the denial of relief under the Uniform Post Conviction Procedure Act (the UPCPA). On his first application—*Ellinger v. Warden,* 221 Md. 628, 157 A. 2d 616—he asserted as the only reasons in support of the application (a) that the trial court had failed to rule on three of his asserted grounds for relief (the first, fifth and sixth) and (b) that he should have been furnished with a copy of the transcript of his post conviction proceeding hearing. He did not press any of the other grounds alleged in his petition as a basis for appeal. This Court held: (i) that one of the grounds alleged for post conviction relief not dealt with in the trial court's opinion (the sixth ground) was so vague as not to justify the granting of any relief; (ii) that the first and fifth grounds, which were also not mentioned in the opinion of the trial court, when taken together, were sufficient to state a charge that the State had knowledge of or participated in the use of perjured testimony, which required hearing and decision; and (iii) that Ellinger's claim that he should have been furnished with a copy of the post conviction procedure transcript appeared premature and should therefore be left open. Leave to appeal was therefore granted and the case was remanded for further proceedings to the end that the trial court might further inquire into and decide the question stated in (ii) above.

Following remand the trial court filed a memorandum in which the testimony of the petitioner relating to the charge of knowing use by the State of perjured testimony was set forth at some length. The entire transcript of the post conviction hearing is included in the present record. A copy of it was furnished to the petitioner; but since it appeared that it was not so furnished until after the petitioner had filed his brief in this Court in support of his application for leave to appeal, he was afforded an opportunity, after his receipt of the transcript, to file an additional brief, and he availed himself of this opportunity.

In his memorandum following remand Judge Macgill stated, *inter alia,* that when the petitioner appeared in the

trial court at the post conviction hearing, he in effect abandoned the contention that the State had knowingly used perjured testimony. Our reading of the record not only supports this conclusion, but shows that Ellinger confirmed the truth of the identifications of himself which he claimed were perjured, by admitting his participation in the crime of armed robbery for which he was convicted. Ellinger was identified by the owner of the filling station that was robbed and by an attendant at the station as the driver of the car used by the robbers, Ellinger and Whitehead. Ellinger admitted driving the car, but claimed that he was not guilty of armed robbery because Whitehead had the gun and actually entered the filling station while Ellinger stayed at the wheel of the car and drove it in the get-away. (Ellinger seems to be under the erroneous impression that our law establishes different degrees of armed robbery, claiming that he should not have been found guilty of armed robbery "in the first degree." On his own testimony at the post conviction hearing he was clearly a participant in the crime, and there are no different "degrees" of the offense in this State.)

As to the testimony of the filling station operator, Ellinger's contention is that his identification in court of Ellinger as the driver of the car was not worthy of belief because the operator had previously failed to identify him at four police line-ups. This would affect the weight of the testimony, but does not show that it was perjured. *A fortiori,* it is insufficient as a foundation for the claim that the State knowingly used perjured testimony.

Ellinger's complaint with regard to the testimony of the attendant is simply frivolous. The attendant, when called as a witness, was asked his name, address and occupation. He gave his name and occupation, but not his address. From this Ellinger argues that the witness did not know his own address and, therefore, that he could not be believed as to his identification of Ellinger. Ellinger admitted, however, that the attendant had identified him not only in court, but on three previous occasions at line-ups, as "the man who drove the car."

The charge of knowing use of perjured testimony finally

652

came down to a claim that the State's Attorney "should have struck * * * from the record" the testimony of the filling station operator and attendant.

In his opinion following remand, Judge Macgill also pointed out that there was no suggestion that Whitehead was induced by any promise of a lesser sentence to testify falsely against Ellinger. Ellinger claimed that Whitehead's description of Ellinger as the "leader" was wrong because Ellinger had not left the car during the robbery. This of itself does not show Whitehead's statement to have been untrue and certainly does not show any knowing use of perjured testimony by the State.

Ellinger now claims that the trial court denied him due process of law on the remand in that counsel was not then appointed to represent him and he was not given a further hearing. We think this claim untenable. What Judge Macgill did was to review the testimony at the post conviction hearing and then to file an opinion showing plainly that the matters for the consideration of which the case was remanded had already been fully inquired into and considered at the original hearing and to state explicitly his conclusions with regard thereto. We see no need for more. Ellinger had his day in court with the assistance of counsel appointed for him under the UPCPA. If on the original application for leave to appeal we had had the transcript of the post conviction hearing before us, or if the opinion of the trial court had specifically shown the untenability or abandonment of the claim that the State knowingly used perjured testimony, there would have been no need for a remand. The trial court's original opinion did in fact deal with the applicant's attacks on the testimony of the filling station operator and attendant, but did not make it clear (at least not to this court) that these attacks were the foundation for the claim of the State's knowing use of perjured testimony.

Since Ellinger has been furnished with a copy of the transcript of the post conviction hearing, the question with regard thereto which was left open in our previous opinion is now moot.

Ellinger now seeks a transcript of the proceedings at his original trial. There is nothing to show what possible good

it could be to him and hence there is no apparent reason for furnishing it (see *Truesdale v. Warden,* 221 Md. 617, 157 A. 2d 281; *Carroll v. Warden,* 222 Md. 618, 159 A. 2d 851); and in any event, this and any other new contentions now sought to be raised in this Court, but not presented on his original application for leave to appeal, have been waived or are not properly before us. *Player v. Warden,* 222 Md. 619, 159 A. 2d 852; *Byrd v. Warden,* 222 Md. 577, 158 A. 2d 120.

Among the contentions so abandoned or not properly raised is what seems to be Ellinger's main complaint—that he received a heavier sentence and has been imprisoned longer than his co-defendant Whitehead. Even if properly before us, it would afford no basis for post conviction relief. *Cothorn v. Warden,* 221 Md. 581, 155 A. 2d 652.

*Application denied.*