## CANTER *v.* STATE

[No. 182, September Term, 1960.]

484

*Decided March 16, 1961.*

Submitted to Brune, C. J., and Henderson, Hammond, Horney and Marbury, JJ.

Submitted on brief by *Thomas J. Curley* for the appellant.

Submitted on brief by *C. Ferdinand Sybert, Attorney General, James O'C. Gentry, Assistant Attorney General,* and *C. Osborne Duvall, State's Attorney for Anne Arundel County,* for the appellee.

Per Curiam.

The appellant was indicted and charged with having "feloniously and against the order of nature had a venereal affair with and carnally knew * * * Frank Howard" and "feloniously and against the order of nature with the said Frank Howard did commit the crime of buggery * * *." He was tried by the court without a jury, convicted, and sentenced to three years. On appeal he contends that the crime of buggery, or sodomy, requires proof of penetration, and that such proof is lacking.

The indictment was probably based upon Code (1957), Art. 27, sec. 554, which proscribes in broad terms the whole

field of unnatural and perverted sexual practices and makes it unnecessary to state a charge in detail. See *Blake v. State,* 210 Md. 459, 462. However, the indictment did not follow the language of the statute but followed the common-law precedent set out in Hochheimer, *Criminal Law* (2d ed.) § 437, to charge an offense with another person, or what is usually referred to as sodomy as distinguished from bestiality although the terms are often used interchangeably. The text writers and authorities generally hold that at common law some proof of penetration is necessary to support a charge of sodomy although slight evidence may suffice. See 2 Wharton, *Criminal Law and Procedure* (Anderson ed.) § 752, 3 Underhill, *Criminal Evidence* (5th ed.) § 692, note 19 a, and 81 C.J.S., *Sodomy,* p. 371. If we assume, without deciding, that such proof was necessary in the instant case, we find it sufficient.

The appellant and Howard were caught in the act by two police officers who carried flashlights. Without reciting their testimony it is enough to say that we think the trial judge could properly draw the inference that penetration occurred and that Canter admitted as much to the officers.

*Judgment affirmed.*