COOK *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 19, September Term, 1962.]

*Decided October 9, 1962.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

PER CURIAM.

The applicant, Cook, in his petition for relief under the Uniform Post Conviction Procedure Act, raised essentially nine grounds for relief, among which were the denial of opportunity to present witnesses, withholding of evidence by the State, and the commission of perjury by State's witnesses with the knowledge and approval of the State's Attorney. The trial judge, after a brief hearing in open court, granted the State's motion to dismiss on the ground "that Mr. Cook does not allege such facts or error that has not either been previously acted upon either by the Trial or Appellate Court, or has not been waived as a result of trial, and as a result have no assignment of error in the appeal."

Under the provisions of Rule BK45 (b) of the Maryland Rules every order on a petition filed for relief under the Act "shall include or be accompanied by a short memorandum of the grounds of the petition, the questions, including specifically the federal and State rights involved, and the reasons for the action taken thereon." It is apparent, without going into the merits of the petitioner's alleged grounds for relief, that the summary dismissal of his petition does not comply with the requirements of this Rule. In *Brigmon v. Warden,* 221 Md. 622, this same question arose under Code (1959 Cum. Supp.), Art. 27, Sec. 645G, which has since been repealed, Acts 1962, Ch. 36, Sec. 1, and replaced by the Rule quoted above, and which read in part: "The order making final disposition of the petition shall clearly state the grounds on which the case was determined and whether a federal or a state right was presented and decided." The Court, in remanding the case for further disposition, pointed out through Judge Prescott that "the plain direction of the statute" required the final order to contain "a statement of the Federal and State rights 'presented and decided,' as well as 'the grounds on which the case was determined.'" We find it necessary to remand this case for further proceedings in accord with Rule BK45 (b).

*Application for leave to appeal granted and case remanded for further proceedings consistent with the views herein expressed.*