WAMPLER *v.* WARDEN OF MARYLAND
PENITENTIARY

[App. No. 44, September Term, 1962.]

640

*Decided June 4, 1963.*

Before the full Court.

BRUNE, C. J., delivered the opinion of the Court.

The applicant, Wampler, seeks leave to appeal from the denial of his application for relief under the Post Conviction Procedure Act. He was convicted on April 17, 1962, in the Circuit Court for Montgomery County on charges of an unnatural and perverted sexual practice [1] with a female and of

---

1. A certified copy of the docket entries is captioned somewhat loosely or inaccurately as "For Sodomy; Assault & Battery." The first count of the indictment (set forth in the applicant's amended Post Conviction petition) is evidently based upon § 554 of Art. 27 of the Code (1957) which is under the sub-title "Sodomy;" and

assault and battery. He was tried before the court, sitting without a jury, and was represented by trial counsel of his own selection. He was sentenced to ten years' imprisonment.

In his original petition, which was filed on June 28, 1962, Wampler alleged as grounds for relief: (1) denial of a jury trial; (2) prejudice on the part of the trial judge; (3) double jeopardy; (4) denial of the right to have witnesses on his behalf; (5) denial of an opportunity to testify for himself; and (6) incompetence of his trial counsel (a) in not raising the issue of double jeopardy, (b) in advising him not to testify, and (c) in "not saying a word during the trial." His amended petition (a rather jumbled, confused and confusing document) filed September 27, 1962, added to or amplified his original petition by alleging as grounds for relief: (7) denial of his constitutional rights to a fair and impartial trial through the incompetence of his trial counsel (a) in not objecting to the indictment for various alleged defects and (b) in not raising the contention that the defendant could not be convicted on the uncorroborated testimony of an accomplice (which seems largely a repetition of Item 6(a)); (8) that a general verdict of guilty under both counts of the indictment, one for sodomy and the other for assault and battery, violated his constitutional rights and indicated (a) prejudice of the trial court and (b) incompetence of counsel for failing to raise this contention; and (9) a new complaint of incompetence against his trial counsel for not having entered an appeal.

The opinion of the trial court filed after the Post Conviction hearing states these contentions generally, but deals specifically with only two of them. The opinion considers and finds untenable the contention based upon trial counsel's failure to enter an appeal on behalf of the petitioner, and finds that there is no basis whatsoever for the claim of prejudice on the part of the judge who tried Wampler's criminal case. It then states in general terms that the court finds from the

---

since the applicant is a male and the person with whom the act is alleged to have been committed is a female, it is properly so based, rather than on the common law offense of sodomy, the penalty for which is fixed by § 553 of Art. 27. See *Canter v. State,* 224 Md. 483, 168 A. 2d 384; and *Radin's Law Dictionary,* p. 322, "Sodomy."

record of the proceedings and from the testimony in this case that there was no error which had not been previously and finally litigated or waived and that no constitutional rights have been denied the petitioner. Then follows the order dismissing the petition.

These general findings expressed merely in the general language of the statute fall considerably short of full compliance with Maryland Rule BK45 b. *Brigmon v. Warden,* 221 Md. 622, 157 A. 2d 460; *Ellinger v. Warden,* 221 Md. 628, 157 A. 2d 616; *Cook v. Warden,* 229 Md. 636, 184 A. 2d 620. See also *Whitley v. Warden,* 222 Md. 608, 612, 158 A. 2d 905. Despite the incompleteness of the opinion of the trial court with regard to a number of contentions dismissed by the general conclusion above stated, we have examined these contentions at length and have found them to be insufficient. To avoid useless further consideration thereof, we shall dispose of them without remand. Some of them may well have been abandoned at the hearing (cf. *Ellinger v. Warden,* 224 Md. 648, 167 A. 2d 334), and others may have collapsed for want of any evidence to support them. In any such situation, a statement to that effect would be of material assistance to this Court.

Many of the applicant's contentions have a double aspect, in that on the one hand they assert that his conviction was in violation of some real or asserted rule of law, and on the other, that it was due to the alleged incompetence of his trial counsel in not raising these propositions.

The Post Conviction Procedure Act itself states, and this Court has repeatedly applied the provision, that the Act is not a substitute for a remedy available on appeal. As a matter of substantive law, the applicant's claim of a denial of a jury trial, of the rights to call witnesses for him and to testify on his own behalf, his claim of double jeopardy, and his claim of inconsistency of the findings on the two counts of the indictment (Items 1, 3, 4, 5, and 8) could all clearly have been raised on appeal, if properly preserved in the trial court. So could any objections to the indictment or claim of variance between the offense charged and the offense proved, and so,

644

it would seem, could any claim of prejudice on the part of the trial judge; but we shall not concern ourselves further with the flimsy allegations of that claim since the trial court in these proceedings expressly found it to be without any foundation. The applicant's contention based upon the rule that a defendant cannot properly be convicted on the uncorroborated testimony of an accomplice (see Items 6(a) and 7(b)), seems to be asserted in his petitions as bearing on the competence of his counsel, or lack thereof, in failing to argue the point. Insofar as it is otherwise argued as a ground for relief, it is simply another question which, if properly preserved, clearly could have been raised on appeal and hence is not a ground for Post Conviction relief.

We find the applicant's contentions not already held groundless to be wholly lacking in substance, even if they were properly to be considered as grounds for relief under the Post Conviction Procedure Act either intrinsically or as bearing upon the claimed denial of due process or equal protection through the asserted incompetence of counsel. When such contentions overlap, we shall consider them together insofar as factual questions are concerned.

We may note at this point that the applicant's claim that he was denied the right to summon witnesses at his trial is a bald allegation not supported by any specific statement whatever as to either the identity of the unsummoned witnesses or what their testimony would have shown. Such bald claims we have repeatedly held insufficient, and there is nothing in the applicant's lengthy complaints to give substance to these assertions. He claims in his argument filed here that his wife and pastor should have been summoned to testify at the Post Conviction hearing about conversations with his trial counsel after the original trial and conviction with regard to a possible appeal. Why they were not summoned to testify at this hearing is not stated; but so far as the applicant's claims disclose, the testimony of these persons would have been of no aid to him. He says that it would have shown that the applicant's trial counsel told them that he would not take the appeal and that he discussed the expense of an appeal—evidently on the basis of the

applicant not being indigent. Trial counsel's testimony at the Post Conviction hearing (referred to below) was to the same effect as to conversations with the applicant's wife. Counsel added that the wife was unwilling to join in raising money for an appeal at the risk of jeopardizing the equity in property which she and the applicant owned.

Next, it is our opinion that the applicant's attacks on the indictment are clearly unsupportable. His claim that the first count charged the wrong offense (sodomy, instead of perverted sexual practice) is completely negatived by the copy of the first count charging perverted sexual practice which is set out in his own amended petition. His claim that the first count was defective because it did not include a charge of assault is mere nonsense, and his claim that the two counts, the second charging assault, could not properly be joined in the same indictment is no better. The sufficiency of an indictment is not properly open on Post Conviction.

Because of the paucity of the record as transmitted to us, we have caused it to be supplemented in two respects: first, by obtaining a photostatic copy of the record of the People's Court with regard to the preliminary hearing; and second, since the testimony at the Post Conviction proceedings had not been transcribed, by having parts of the testimony of the applicant's trial counsel dictated and transcribed.

We have already noted that the applicant's claim of double jeopardy, if it had any foundation, is one which could have been raised on direct appeal and not in Post Conviction proceedings. *Preston v. Warden,* 225 Md. 628, 169 A. 2d 407, cert. den. 366 U. S. 974; *Roberts v. Warden,* 223 Md. 635, 161 A. 2d 668. The applicant urges that it is a constitutional doctrine. Under the law of this State it is not, though the rule against double jeopardy exists here as a matter of common law. *Robb v. State,* 190 Md. 641, 60 A. 2d 211; *Johnson v. State,* 191 Md. 447, 62 A. 2d 249. The provision of the Fifth Amendment to the Federal Constitution against double jeopardy has not up to this time been held applicable against the states under the Fourteenth Amendment. *Palko v. Connecticut,* 302 U. S. 319.

On the facts of this case, the rule against double jeopardy has no application in any event. The applicant's claim that it does rests upon the fact that the charge against him of a perverted sexual practice was dismissed after a preliminary hearing before a judge of the People's Court of Montgomery County in January, 1962 (the applicant says December, 1961),[2] and the applicant's subsequent indictment and trial for the same offense. He asserts that he was found not guilty in the People's Court. Such is not the fact.

A warrant for Wampler's arrest was issued on November 4, 1961, he was arrested and he asked for a preliminary hearing. A preliminary hearing is exactly what he received, as is shown by the records of the People's Court, by the testimony of his trial counsel, who also represented him at the People's Court hearing, and by a letter dated May 7, 1962, from trial counsel to the applicant. That hearing was simply to determine whether the accused should be held for action of the grand jury, either by commitment or on bail, or should be released for want of sufficient evidence to hold him.

Since the offense charged in the warrant was punishable under § 554 of Art. 27 of the Code, *supra,* by imprisonment in the penitentiary, a judge of the People's Court of Montgomery County was without jurisdiction to try the accused for that offense. Code (1957 and amendments), Art. 52, §§ 13, 25, 99 and 100. See especially Sec. 2 of Ch. 487 of the Acts of 1943 amending § 13 of Art. 52 and repealing all laws, general or local, inconsistent therewith to the extent of such inconsistency, and stating the purpose of the Act (as the title

2. The docket of that court describes the offense generically as sodomy. The warrant charges a perverted sexual practice "feloniously" committed. Cf. the indictment in *Canter v. State,* 224 Md. 483, 484, 168 A. 2d 384, also based upon § 554, which likewise used the word "feloniously." Because the penalty under § 554 (as under § 553 dealing specifically with sodomy) may include imprisonment in the penitentiary, we need not determine whether a violation of § 554 constitutes a felony. Sodomy itself was a felony at common law. See Judge Nicholson's concurring opinion in *Davis v. State,* 3 H. & J. 154, at 157, and 1 *Wharton's Criminal Law and Procedure* (Anderson's Ed., 1957), § 28, p. 58.

similarly states) as to achieve general uniformity throughout the State (except in Baltimore City) in "the method of trial, the right to demand a jury trial, and the right of appeal in all cases of a criminal nature, subject to the jurisdiction of Trial Magistrates," subject to certain exceptions not here pertinent. Section 13 specifies the types of cases which the trial magistrates shall have jurisdiction to try and excludes from their trial jurisdiction offenses punishable under the particular penal statute defining the offense by confinement in the penitentiary, or involving a felonious intent. See *Yantz v. Warden,* 210 Md. 343, 123 A. 2d 601; *Smith v. State,* 210 Md. 440, 124 A. 2d 839; *Lloyd v. State,* 219 Md. 343, 352-53, 149 A. 2d 369.

In *Williams v. State,* 214 Md. 143, at 154, 132 A. 2d 605, this Court said that a "preliminary hearing before the magistrate is for the purpose of determining whether there is probable ground to believe the accused guilty. The magistrate, therefore, can only commit the accused for * * * the grand jury, subject to bail under certain circumstances, or discharge him. That hearing is primarily for the benefit of the accused, insuring him against being committed for action by the grand jury on charges which are groundless. *Criminal Procedure from Arrest to Appeal, Orfeld,* p. 67." See also *Martel v. State,* 221 Md. 294, 301, 157 A. 2d 437.

A preliminary hearing such as that here involved in a case which the magistrate did not have jurisdiction to try (and which, we may add, he did not purport to try) would afford no basis for a plea of former jeopardy in a subsequent trial for the same offense. *Moquin v. State,* 216 Md. 524, 140 A. 2d 914; *Crawford v. State,* 174 Md. 175, 197 A. 866. See also *Lloyd v. State, supra,* 219 Md. 343, 352-53, 149 A. 2d 369; *Bennett v. State,* 229 Md. 208, 219-20, n. 4, 182 A. 2d 815.

It is, of course, essential to a plea of double jeopardy that the accused must already have been in jeopardy. *Moquin v. State, supra; Bennett v. State, supra.* A preliminary hearing before a magistrate to determine whether or not there is sufficient evidence to warrant holding the accused for action of the grand jury is not a trial, the accused is not thereby put

648

in jeopardy, and his discharge as a result of such a hearing does not bar his subsequent prosecution for the offense giving rise to the preliminary hearing. *United States ex rel. Rutz v. Levy,* 268 U. S. 390, 393; Hochheimer, *Criminal Law* (2nd Ed.), § 47, p. 62; 1 *Wharton's Criminal Law and Procedure* (Anderson Ed., 1957), § 137, pp. 305-06; 15 Am. Jur. *Criminal Law,* §§ 369, 370, p. 47; 22 C.J.S., *Criminal Law,* § 251, pp. 658-59; *Commonwealth v. Hamilton,* 129 Mass. 479; *Kaye v. Keeper of Jail,* 145 Me. 103, 72 A. 2d 811. See also *Ocampo v. United States,* 234 U. S. 91. In the *Ocampo* case which came from the Philippine Islands, Mr. Justice Pitney, speaking for the Supreme Court, after referring to the function of committing magistrates generally as well as under the laws applicable to the Philippines, said: "There is no definite adjudication. A finding that there is no probable cause is not equivalent to an acquittal, but only entitles the accused to his liberty for the present, leaving him subject to rearrest." 234 U. S. 100. And in the *Rutz* case Mr. Justice Sutherland said (268 U.S. at 393): "Under state law it has uniformly been held that the discharge of an accused person upon a preliminary examination for want of probable cause constitutes no bar to a subsequent preliminary examination before another magistrate. Such an examination is not a trial in any sense and does not operate to put the defendant in jeopardy." (The Court then cited a number of cases.)

Maryland practice has always, so far as we are informed, been in accord with the rule above stated; indeed, this appears to be the first time that the rule has ever been challenged in this Court. The absence of any prior decision of this Court on the point indicates the long and general acceptance of the rule, for there have been many instances in which indictment and prosecution have followed the discharge of an accused person following a preliminary hearing before a magistrate. We adhere to the general and well settled rule.[3]

---

3. The situation would of course have been quite different if the accused had been tried before a magistrate on a charge which the magistrate had jurisdiction to try (and there had been no appeal, as there was in *Robb v. State,* 190 Md. 641, 60 A. 2d 211, or *John-*

In considering the charges of incompetence which the applicant makes against his original trial counsel, we note at the outset that trial counsel was of the defendant's own choosing and was employed by him. We quote the following from the opinion of the trial judge in this proceeding:

> "The employed attorney was a former State's Attorney for this County for a period of eight years, and has been engaged in the general practice of law in this jurisdiction for a period of more than thirty years. He testified that he advised his [sic "the"?] petitioner that he would not appeal the criminal case to the Court of Appeals, but that if the petitioner wanted to do so himself, he could note an appeal."

We consider it no mark of incompetence for the applicant's trial counsel to refuse to take an appeal on the ground of double jeopardy, when he thought that ground to be wholly untenable; and for the reasons above set forth, we think that his view on this matter was fully warranted.

Whether, if the applicant had been indigent and trial counsel had been appointed for him by the State (and had not been employed by the applicant himself), any obligation would have rested upon such counsel to enter an appeal for the applicant, and whether if he were unwilling to do so any obligation would have been imposed on the State to find and provide counsel who would do so, are questions which are not here presented. We, therefore, find no occasion for our attempting to determine the effect of any possible implications of *Douglas v. California,* 372 U. S. 353 or of *Lane v. Brown,* 372 U. S. 477, as to such matters and express no opinion thereon. Where, as here, trial counsel was employed by the defendant himself, we do not see that any state action is involved in his refusal to enter an appeal, and hence we think that no question of a denial of due process or of equal protection under the Fourteenth Amendment is here presented by such refusal.

*son v. State,* 191 Md. 447, 62 A. 2d 249). See *Gilpin v. State,* 142 Md. 464, 466, 121 A. 354; *State v. Lingner,* 183 Md. 158, 36 A. 2d 674.

The portions of the testimony of the applicant's trial counsel at the Post Conviction hearing, which we have had transscribed, relate to the preliminary hearing, to the election of a trial before the court without a jury, to the matter of corroboration of the girl involved in the perverted practice charge, to the defendant's not testifying in his own defense, and to the discussion of an appeal.

This testimony shows that counsel represented Wampler at the preliminary hearing, that the State did not have present at that hearing two police officers to corroborate the testimony of the girl, who was evidently regarded as an accomplice, and that counsel got the charge dismissed for want of corroboration of her testimony. Counsel's testimony further shows that these officers did testify at Wampler's trial, that their testimony was admitted over objection by Wampler's trial counsel, that the judge presiding at the trial found that their testimony did corroborate the girl's testimony, and that it was sufficient corroboration. Counsel further testified that he had cross-examined the girl with regard to her testimony at the preliminary hearing and that he had cross-examined the police officers also.

Wampler's trial counsel also testified that the decision to take a court trial rather than a jury trial was reached as a result of a conference between himself and Wampler. Wampler said that he was going to leave it up to counsel, counsel had said that he did not want to make the decision and told Wampler to decide what he wanted to do, Wampler had said he did not know what was best, and counsel had then advised him that he did not know how much evidence the State had and that he (counsel) "decided we'd have a better chance before the Court than we would with a jury" and so advised Wampler.

As to Wampler's testifying, his trial counsel stated that both he and the judge asked Wampler if he wanted to testify, and that Wampler "said he didn't see there was anything for him to say, and he didn't take the stand."

With regard to an appeal, counsel's testimony is explicit that he had informed Wampler that he had a right of appeal,

that Wampler could enter an appeal by writing to the court himself, but that counsel would not enter the appeal for him because he did not think there was any ground for it. The question of corroborating evidence was discussed. There is also in the file a letter dated May 7, 1962, from counsel to Wampler stating (among other things) the nature and purpose of the preliminary hearing, that the dismissal of the case at that hearing for insufficiency of the evidence did not preclude the State from taking the case to the grand jury, and that counsel did not see any grounds for appeal in the case. Counsel also testified, and his letter also states, that he conferred with Wampler's wife on several occasions about the matter and that he would file a petition for reduction of sentence. (He did file such a petition, and it was denied.)

The applicant's claim that his trial counsel overlooked and failed to raise the contention that the testimony of the alleged accomplice was uncorroborated is completely refuted by counsel's testimony. So, we think, are all of the allegations of negligence, incompetence and dereliction of duty. We see no reason why counsel should have been obligated to take an appeal on the corroboration question, which he believed unsupportable, just as we see no reason why he was obligated to appeal on the contention of double jeopardy. We think that the conclusions of the trial court rest upon an acceptance of the testimony of the applicant's trial counsel and we see no reason to question his acceptance of it. We thus find no reason to believe that Wampler's representation at his trial was inadequate, and none to believe that the applicant's trial counsel was not entirely justified in declining to take an appeal which he considered to be groundless. We further think that the applicant was fully informed that he could enter an appeal for himself if he chose to do so.

We agree with the learned trial judge that this is not a case in which a belated appeal should be allowed. The applicant was aware of his right of appeal, knew that his trial counsel was not going to exercise it for him, and knew that he could exercise it himself; and, what is perhaps still more important, there is no showing that the State misled him in any way or

interfered in any way with his exercising his right of appeal. If (as does not appear) the applicant was then an indigent, he could have availed himself of the provisions made by statute for an appeal at public expense.

To avoid possible misconception in the future, we think it advisable, however, to note our disagreement with the view of the trial court as to the time allowed for an appeal. The time is within thirty days from the judgment appealed from. Md. Rule 812. The applicant's petition for a reduction of sentence did not operate to extend the time within which an appeal might be entered. Cf. *Colter v. State*, 219 Md. 190, 148 A. 2d 561, and *Hayes v. State*, 141 Md. 280, 118 A. 652, holding that the filing of a motion for a new trial after judgment has been entered does not stop the running of the time for appeal. Similar rules apply in civil cases. We think it unnecessary to prolong this opinion further by citing authorities in such matters.

*Application denied.*