Ernest WAMPLER

v.

WARDEN OF the MARYLAND PENITENTIARY.

Civ. A. No. 14781.

United States District Court
D. Maryland.

June 19, 1963.

R. DORSEY WATKINS, District Judge.

Petitioner, presently confined in the Maryland State Penitentiary under a sentence of ten years imposed April 17, 1962, seeks a writ of habeas corpus on the grounds that he has been subjected to double jeopardy and that he was illegally arrested. With his petition he enclosed a copy of the opinion of the full bench of the Maryland Court of Appeals, written by Chief Judge Brune, 191 A.2d 594, denying petitioner's application for leave to appeal from an adverse decision in his Post Conviction hearing. Although pointing out that the question of double jeopardy should have been raised on direct appeal, and not by Post Conviction proceedings, the court nevertheless commendably considered this contention with the same thoroughness as if it had properly been raised, and found it to be without merit.

▇▇▇ Chief Judge Brune's opinion is so lucid, concise and persuasive that quotation of the applicable part in full rather than a paraphrase is given:

"Because of the paucity of the record as transmitted to us, we have caused it to be supplemented in two respects: first, by obtaining a photostatic copy of the record of the People's Court with regard to the preliminary hearing; and second, since the testimony at the Post Conviction proceedings had not been transcribed, by having parts of the testimony of the applicant's trial counsel dictated and transcribed.

"We have already noted that the applicant's claim of double jeopardy, if it had any foundation, is one which could have been raised on direct appeal and not in Post Conviction proceedings. Preston v. Warden, 225 Md. 628, 169 A.2d 407, cert. den. 366 U.S. 974, 81 S.Ct. 1940, 6 L.Ed.2d 1262; Roberts v. Warden, 223 Md. 635, 161 A.2d 668. The applicant urges that it is a constitutional doctrine. Under the law of this State it is not, though the rule against double jeopardy exists here as a matter of common law. Robb v. State, 190 Md. 641, 60 A.2d 211; Johnson v. State, 191 Md. 447, 62 A.2d 249. The provision of the Fifth Amendment to the Federal Constitution against double jeopardy has not up to this time been held applicable against the states under the Fourteenth Amendment. Palko v. Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288.

"On the facts of this case, the rule against double jeopardy has no application in any event. The applicant's claim that it does rests upon the fact that the charge against him of a perverted sexual practice was dismissed after a preliminary hearing before a judge of the People's Court of Montgomery County in January, 1962 (the applicant says December, 1961),[2] and the appli-

"2. The docket of that court describes the offense generically as sodomy. The warrant charges a perverted sexual practice 'feloniously' committed. Cf. the indictment in Canter v. State, 224 Md. 483, 484, 168 A.2d 384, also based upon § 554, which likewise used the word 'feloniously.' Because the penalty under § 554 (as under § 553 dealing specifically with sodomy) may include imprisonment in the penitentiary, we need not determine whether a violation of § 554 constitutes a felony. Sodomy itself was a felony at common

law. See Judge Nicholson's concurring opinion in Davis v. State, 3 H. & J. 154, at 157, and 1 Wharton's Criminal Law and Procedure (Anderson's Ed., 1957), § 28, p. 58.

cant's subsequent indictment and trial for the same offense. He asserts that he was found not guilty in the People's Court. Such is not the fact.

"A warrant for Wampler's arrest was issued on November 4, 1961, he was arrested and he asked for a preliminary hearing. A preliminary hearing is exactly what he received, as is shown by the records of the People's Court, by the testimony of his trial counsel, who also represented him at the People's Court hearing, and by a letter dated May 7, 1962, from trial counsel to the applicant. That hearing was simply to determine whether the accused should be held for action of the grand jury, either by commitment or on bail, or should be released for want of sufficient evidence to hold him.

"Since the offense charged in the warrant was punishable under § 554 of Art. 27 of the Code, *supra*, by imprisonment in the penitentiary, a judge of the People's Court of Montgomery County was without jurisdiction to try the accused for that offense. Code (1957 and amendments), Art. 52, §§ 13, 25, 99 and 100. See especially Sec. 2 of Ch. 487 of the Acts of 1943 amending § 13 of Art. 52 and repealing all laws, general or local, inconsistent therewith to the extent of such inconsistency, and stating the purpose of the Act (as the title similarly states) as to achieve general uniformity throughout the State (except in Baltimore City) in 'the method of trial, the right to demand a jury trial, and the right of appeal in all cases of a criminal nature, subject to the jurisdiction of Trial Magistrates', subject to certain exceptions not here pertinent. Section 13 specifies the types of cases which the trial magistrates shall have jurisdiction to try and excludes from their trial jurisdiction offenses punishable under the particular penal statute defining the offense by confinement in the penitentiary, or involving a felonious intent. See Yantz v. Warden, 210 Md. 343, 123 A.2d 601; Smith v. State, 210 Md. 440, 124 A.2d 839; Lloyd v. State, 219 Md. 343, 352–353, 149 A.2d 369.

"In Williams v. State, 214 Md. 143, at 154, 132 A.2d 605, 611, this Court said that a 'preliminary hearing before the magistrate is for the purpose of determining whether there is probable ground to believe the accused guilty. The magistrate, therefore, can only commit the accused for * * * the grand jury, subject to bail under certain circumstances, or discharge him. That hearing is primarily for the benefit of the accused, insuring him against being committed for action by the grand jury on charges which are groundless. Criminal Procedure from Arrest to Appeal, Orfeld, page 67.' See also Martel v. State, 221 Md. 294, 301, 157 A.2d 437.

"A preliminary hearing such as that here involved in a case which the magistrate did not have jurisdiction to try (and which, we may add, he did not purport to try) would afford no basis for a plea of former jeopardy in a subsequent trial for the same offense. Mouquin v. State, 216 Md. 524, 140 A.2d 914; Crawford v. State, 174 Md. 175, 197 A. 866. See also Lloyd v. State, supra, 219 Md. 343, 352–353, 149 A.2d 369; Bennett v. State, 229 Md. 208, 219–220, n. 4, 182 A.2d 815.

"It is, of course, essential to a plea of double jeopardy that the accused must already have been in jeopardy. Mouquin v. State, supra; Bennett v. State, supra. A preliminary hearing before a magistrate to determine whether or not there is sufficient evidence to warrant holding the accused for action of the grand

jury is not a trial, the accused is not thereby put in jeopardy, and his discharge as a result of such a hearing does not bar his subsequent prosecution for the offense giving rise to the preliminary hearing. United States ex rel. Rutz v. Levy 268 U.S. 390, 393, 45 S.Ct. 516, 69 L.Ed. 1010; Hochheimer, Criminal Law (2nd Ed.), § 47, p. 62; 1 Wharton's Criminal Law and Procedure (Anderson Ed., 1957), § 137, pp. 305–06; 15 Am.Jur. Criminal Law, §§ 369, 370, p. 47; 22 C.J.S. Criminal Law § 251, pp. 658–659; Commonwealth v. Hamilton, 129 Mass. 479; Kaye v. Keeper of Jail, 145 Me. 103, 72 A.2d 811. See also Ocampo v. United States, 234 U.S. 91, 34 S.Ct. 712, 58 L.Ed. 1231. In the Ocampo case which came from the Philippine Islands, Mr. Justice Pitney, speaking for the Supreme Court, after referring to the function of committing magistrates generally as well as under the laws applicable to the Philippines, said: 'There is no definite adjudication. A finding that there is no probable cause is not equivalent to an acquittal, but only entitles the accused to his liberty for the present, leaving him subject to rearrest.' 234 U.S. 100, 34 S.Ct. 715, 58 L.Ed. 1231. And in the Rutz case Mr. Justice Sutherland said (268 U.S. at 393, 45 S.Ct. at 517, 69 L.Ed. 1010): 'Under state law it has uniformly been held that the discharge of an accused person upon a preliminary examination for want of probable cause constitutes no bar to a subsequent preliminary examination before another magistrate. Such an examination is not a trial in any sense and does not operate to put the defendant in jeopardy.' (The Court then cited a number of cases.)

"Maryland practice has always, so far as we are informed, been in accord with the rule above stated; indeed, this appears to be the first time that the rule has ever been challenged in this Court. The absence of any prior decision of this Court on the point indicates the long and general acceptance of the rule, for there have been many instances in which indictment and prosecution have followed the discharge of an accused person following a preliminary hearing before a magistrate. We adhere to the general and well settled rule.[3]

"3. The situation would of course have been quite different if the accused had been tried before a magistrate on a charge which the magistrate had jurisdiction to try (and there had been no appeal, as there was in Robb v. State, 190 Md. 641, 60 A.2d 211, or Johnson v. State, 191 Md. 447, 62 A.2d 249). See Gilpin v. State, 142 Md. 464, 466, 121 A. 354; State v. Lingner, 183 Md. 158, 36 A.2d 674."

This Court accepts the historical facts found by the Maryland Court of Appeals and agrees with its interpretation of the applicable law.

■ It is impossible to tell from the petition the true nature of the complaint about illegal arrest, since no facts are alleged. If it relates to the original arrest, the opinion of the Maryland Court of Appeals shows that this was pursuant to a warrant. In any event petitioner frankly admits that he has never raised this point in the State Courts. This court will, therefore, decline to assume jurisdiction until petitioner has exhausted his available state remedies. See: Fay v. Noia, March 18, 1963, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Horsey v. Steiner, D.Md., Civil Action No. 14363; Cason v. State, D.Md., Civil Action No. 14600; Otten v. State, D.Md. 1963, 216 F.Supp. 289.

Leave to file in forma pauperis is hereby granted. The petition for a writ of habeas corpus is hereby denied, with prejudice as to the question of double jeopardy, but without prejudice as to the claim of illegal arrest.

Petitioner apparently anticipated an unfavorable action on his petition since he asks that the court "Issue a certified [sic] of probable cause, pursuant to Title

**880**

28,, U.S.C.A. 2953" [2253]. Petitioner of course has the right formally to appeal but if this is done, the court will decline to issue a certificate of probable cause.

The Clerk is directed to send a copy of this Memorandum and Order to the petitioner.