Ernest **WAMPLER**

v.

**WARDEN, MARYLAND PENITENTIARY, State of Maryland, Circuit Court for Montgomery County.**

**Civ. A. No. 14781.**

United States District Court
D. Maryland.

Nov. 20, 1963.

**R. DORSEY WATKINS**, District Judge.

Petitioner, a Maryland State prisoner, seeks for the second time in this court the issuance of a writ of habeas corpus. His first petition to this court challenged the validity of his detention on the grounds of double jeopardy and illegal arrest. No merit was found in petitioner's double jeopardy allegation and habeas corpus was denied with prejudice as to this ground by the undersigned Judge on June 19, 1963. As to the issue of illegal arrest, the petition was denied without prejudice on the grounds that no facts were alleged to support the mere conclusory allegation of illegal arrest and that petitioner had failed to exhaust state remedies by presenting this issue first to the courts of Maryland. (Wampler v. Warden of the Maryland Penitentiary, D.Md.1963, 218 F.Supp. 876). Petitioner filed a notice of appeal and on July 17, 1963 the United States Court of Appeals for the Fourth Circuit in a per curiam opinion declined to issue a certificate of probable cause and ordered petitioner's appeal dismissed, agreeing with the Dis-

trict Court as to the lack of merit of the double jeopardy issue, and on the illegal arrest issue preferring the rationale of insufficiency of factual allegations to support the contention to that of failure to exhaust state remedies. (Wampler v. Warden, 4 Cir. July 17, 1963, No. 9077, unpublished per curiam dismissal of docketed appeal).

Thereafter, on August 16, 1963 in the Circuit Court for Montgomery County, Maryland a hearing was held on a simultaneously pending petition filed on June 19, 1963 by Wampler in the state court for relief under the Maryland Uniform Post Conviction Procedure Act, Article 27, section 645A et seq., Annotated Code of Public General Laws of Maryland, 1962 Cumulative Supplement. Petitioner in that proceeding challenged the validity of his detention on the grounds of (1) illegal arrest, (2) lack of corroboration of accomplice testimony and (3) incompetence of trial counsel. These are the same grounds for relief that Wampler in his present petition is submitting to this court for consideration.

Although prior to the decision of Fay v. Noia, 1963, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 and Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, and other recent decisions of the Supreme Court, the Court of Appeals of Maryland had held that certain points could not be raised collaterally in a Post Conviction Procedure Act proceeding but must be raised on direct appeal, the discussion of the scope of the writ of habeas corpus in those Supreme Court cases may cause the State courts of Maryland including the Court of Appeals of Maryland to review their previous holdings with respect to waiver and the scope of Uniform Post Conviction Procedure Act proceedings. (Robertson v. State of Maryland, 1963, Civil No. 14592, 224 F.Supp. 627 opinion by Chief Judge Roszel C. Thomsen). At the outset therefore it should be noted that Judge Ralph G.

Shure of the Circuit Court for Montgomery County in fact considered the problem of illegal arrest on the merits at the post conviction hearing of August 16, 1963 and found:

"* * * With respect to charges of an illegal arrest, there is no ground for release under post conviction procedure.[1] The records show that a warrant was issued for Ernest Wampler's arrest on November 4th, 1961; he was arrested and immediately asked for a preliminary hearing, which he received in the People's Court for this County, where he was held for the action of the Grand Jury. Preliminary hearing before a Magistrate is for the purpose of determining whether there is probable grounds to believe the accused guilty and this hearing is primarily for the benefit of the accused, insuring him against being committed for action on charges which are groundless (William v. State, 214 Md. 143 [132 A.2d 605])."

As to lack of corroboration of accomplice testimony petitioner, convicted on charges of an unnatural and perverted sexual practice with a female and of assault and battery, contended there was no testimony to corroborate the testimony of the girl who was, evidently, regarded as an accomplice. Judge Shure after hearing testimony and examining the record found:

"* * * Accused has today testified that he was with the young girl, and he has also stated, and the record so indicates, that she testified at the trial. The officers also testified at the trial, one of whom accosted the accused in his car with this girl. There is, therefore, no possibility of conviction because of no corroboration as charged. The issue was rather one of whom to believe at the trial."

1. This sentence out of context might indicate that this question could not be raised in a Post Conviction Procedure hearing. It was considered and passed upon, so that the sentence apparently means that the facts showed no ground for relief.

As to alleged incompetency of counsel Judge Shure held that this issue had previously been presented to, considered by and passed upon by the Court of Appeals of Maryland in Wampler v. Warden, 1963, 231 Md. 639, 191 A.2d 594. Accordingly, Judge Shure denied post conviction relief. Petitioner was specifically advised of his right to apply to the Court of Appeals of Maryland for leave to appeal, a transcript of the proceedings reading:

"MR. FUTTERER [Court appointed counsel for petitioner]: If the Court please, for the record: I have advised Mr. Wampler he has a right to appeal this decision within thirty days following the decision of this case.

"THE COURT: He has a right to apply for appeal."

Petitioner does not allege in his present petition that he did so apply for leave to appeal. Rather, relying on a statement in Wampler v. Warden, 4 Cir. 1963, No. 9077, he alleges that as the issue of illegal arrest may not be raised in a state collateral attack, petitioner is left with no possibility of further state relief. Having secured an adjudication on the merits of the illegal arrest issue in the Circuit Court for Montgomery County subsequent to the consideration of his case by the United States Court of Appeals for the Fourth Circuit, it is difficult to see how petitioner could in good faith allege in his case no possibility of further state relief by way of application, within the time prescribed, to the Court of Appeals of Maryland. Certainly a deliberate and intentional attempt to subvert and evade state lower and appellate court review of his contentions as well as avoiding an orderly adjudication of federal defenses by both state and federal courts, said attempt warranting the exercise of this court's discretion to deny relief to an applicant who has deliberately by-passed the orderly procedures of the state courts and of this court, is clearly evidenced by petitioner's application to this court and the United States Court of Appeals for the Fourth Circuit while a similar petition was pending before the Circuit Court for Montgomery County. Petitioner's disregard for orderly adjudication of his contentions resulted in a ruling by this court on June 19, 1963, a ruling by the United States Court of Appeals for the Fourth Circuit on July 19, 1963 and a formal ruling by the Circuit Court for Montgomery County on September 19, 1963 on the issue of illegal arrest.

Turning to a consideration of the three points that petitioner seeks to relitigate for the third time, on the issue of illegal arrest Judge Shure, as quoted above in this opinion, made specific findings of fact. Moreover, the Court of Appeals of Maryland in denying petitioner's application for leave to appeal from an earlier denial of post conviction relief by Judge James H. Pugh of the Circuit Court for Montgomery County, having found the lower court's general findings to be a noncompliance with Maryland Rule BK45b., proceeded to examine the record independently and to make specific findings of fact. The Court of Appeals of Maryland (in ruling on the ultimate issue before it of double jeopardy) stated the facts as follows:

\* \* \*

"A warrant for Wampler's arrest was issued on November 4, 1961, he was arrested and he asked for a preliminary hearing. A preliminary hearing is exactly what he received, as is shown by the records of the People's Court, by the testimony of his trial counsel, who also represented him at the People's Court hearing, and by a letter dated May 7, 1962, from trial counsel to the applicant. That hearing was simply to determine whether the accused should be held for action of the grand jury, either by commitment or on bail, or should be released for want of sufficient evidence to hold him." (Wampler v. Warden, 1963, 231 Md. 639, 646, 191 A.2d 594, 599).

This court accepts, as it may do, under the principles of Davis v. State of North Carolina, 4 Cir. 1962, 310 F.2d 904, 907

and Near v. Cunningham, 4 Cir. 1963, 313 F.2d 929 the "historical facts" so determined.

■ Moreover, petitioner makes identical allegations of fact as those found by the state courts on the issue of illegal arrest. He alleges that he was arrested on November 4, 1961 by authority of a warrant charging a perverted sexual practice, that a preliminary hearing before a magistrate was set for December 21, 1961 and that at the hearing he was released for want of sufficient evidence to hold him. He further states that subsequently he was indicted on the same charge and a warrant issued for his arrest which was served on March 17, 1962. Obviously, these factual allegations and the historical facts as found by the Maryland Courts do not support a claim of denial of constitutional rights based on an arrest without a warrant. Petitioner apparently complains, as he did in his previous petition to this court which the United States Court of Appeals for the Fourth Circuit found insufficient as to factual allegations, that he was earlier arrested on October 31, 1961 without a warrant and charged with contributing to the delinquency of a juvenile. This is not the charge of which he was convicted and for which he is now under sentence and detained by State authority. Accordingly, this court finds the allegation of an illegal arrest to be without merit and denies habeas corpus relief with prejudice as to this ground of complaint.

■■ As to lack of corroboration of accomplice testimony, Judge Shure after examining the record and hearing the petitioner's testimony specifically made findings of fact, quoted previously in this opinion which showed this contention to be completely without foundation. Similarly the Court of Appeals of Maryland in Wampler v. Warden, 1963, 231 Md. 639, 650, 191 A.2d 594, 601 after an independent examination of the testimony given at Wampler's earlier post conviction hearing before Judge Pugh, made the following findings of fact:

\* \* \*

"This testimony shows that counsel represented Wampler at the preliminary hearing, that the State did not have present at that hearing two police officers to corroborate the testimony of the girl, who was evidently regarded as an accomplice, and that counsel got the charge dismissed for want of corroboration of her testimony. Counsel's testimony further shows that these officers did testify at Wampler's trial, that their testimony was admitted over objection by Wampler's trial counsel, that the judge presiding at the trial found that their testimony did corroborate the girl's testimony, and that it was sufficient corroboration."

This court accepts the "historical facts" so determined. (Davis v. State of North Carolina, 4 Cir. 1962, 310 F.2d 904; Near v. Cunningham, 4 Cir. 1963, 313 F.2d 929). These facts clearly show petitioner's contention to be without merit. Moreover, such a contention if factually supported would not be a ground for Federal habeas corpus relief as the requirement of corroboration of accomplice testimony is not a right guaranteed by the constitution (see Caminetti v. United States, 1917, 242 U.S. 470, 495, 37 S.Ct. 192, 198, 61 L.Ed. 442; Hoback v. United States, 4 Cir. 1924, 296 F. 5, 8; Gormley v. United States, 4 Cir. 1948, 167 F.2d 454, 457–458) but is rather a state rule of evidence going to the sufficiency of evidence to support a conviction. Judge Shure and the Maryland Court of Appeals have independently ruled adversely to the petitioner on this issue. Accordingly, as to this contention Federal habeas corpus relief is denied with prejudice.

■ Judge Shure held that the Maryland Court of Appeals had considered on the merits and ruled adversely to petitioner on the issue of incompetence of counsel. The opinion of the Court of Appeals of Maryland in Wampler v. Warden, 1963, 231 Md. 639, 191 A.2d 594 shows that in his petition for post conviction relief addressed to Judge Pugh

the petitioner made the same specific allegations of incompetency as are now addressed to this court as a basis for relief, namely:

(1) Incompetence of trial counsel (a) in not raising the issue of double jeopardy, (b) in advising him not to testify and (c) in "not saying a word during the trial";

(2) Denial of constitutional rights to a fair and impartial trial through the incompetence of his trial counsel (a) in not objecting to the indictment for various alleged defects and (b) in not raising the contention that the defendant could not be convicted on the uncorroborated testimony of an accomplice;

(3) That a general verdict of guilty under both counts of the indictment violated his constitutional rights and indicated incompetence of counsel for failing to raise this contention; and

(4) Incompetence of trial counsel for not having entered an appeal.

The Court of Appeals noted at the outset that the trial counsel was of defendant's own choosing, was employed by him, had been a former State's Attorney for Montgomery County for a period of eight years and had been engaged in the general practice of law in that jurisdiction for a period of more than thirty years. In order to consider petitioner's various allegations of incompetence the Court of Appeals had the reporter transcribe those portions of the testimony of petitioner's trial counsel at the post conviction hearing which related to the preliminary hearing, to the election of a trial before the court without a jury, to the matter of corroboration of the testimony of the girl involved in the perverted practice charge, to the defendant's not testifying in his own defense and to the discussion of appeal. The court then made specific findings of fact as to each allegation of incompetency made by petitioner, said findings being based on the record and on the transcript of the post conviction hearing testimony. Without reiterating the specific findings of fact made by the Maryland Court of Appeals and set out

in Wampler v. Warden, 231 Md. 639, 649–652, 191 A.2d 594 suffice it to say that they amply support the conclusion of the Court of Appeals that all of petitioner's allegations of negligence, incompetence and dereliction of duty were without foundation. On the basis of historical facts so determined by the State Court of Appeals, which facts are accepted by this court (Davis v. State of North Carolina, 4 Cir. 1962, 310 F.2d 904; Near v. Cunningham, 4 Cir. 1963, 313 F.2d 929), this court likewise reaches the conclusion that petitioner's allegations as to incompetency of trial counsel are without merit. Accordingly, habeas corpus relief on this ground is denied with prejudice.

The petition for a writ of habeas corpus is hereby denied with prejudice, without a hearing, the essential facts being of record.

Leave to file in forma pauperis is hereby granted.

The Clerk is hereby directed to send a copy of this Memorandum Opinion and Order to the petitioner.